In re WHEELING–PITTSBURGH STEEL CORPORATION, Mingo Oxygen Company, Pittsburgh–Canfield Corporation, W–P Coal Company, Consumers Mining Company and Monessen Southwestern Railway Company, Debtors.

Claim of A.J. VOLPI CONTRACTORS, INC.

v.

W–P COAL COMPANY.

Bankruptcy Nos. 85–793, 85–794, 85–795, 85–796, 85–798 and 85–799 PGH. Motion No. 88–5364.

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 31, 1991.

Andrew A. Raptis, Charleston, W. Va., for A. J. Volpi Contractors, Inc.

Gina S. Mc Cann, Lexington, Ky., for Pickands Mather and Co.

Harold S. Albertson, Charleston, W. Va., for W–P Coal Co.

George L. Cass, Pittsburgh, Pa., for debtors.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

## BACKGROUND

A.J. Volpi Contractors, Inc. ("Volpi") instituted a civil action, Number 84–2250, in the United States District Court for the Southern District of West Virginia against W–P Coal Company, Inc. ("WP") and Pickands Mather and Company ("PM") on June 29, 1984.

On April 16, 1985, WP, along with its parent, Wheeling–Pittsburgh Steel Corporation, filed a voluntary Petition under Chapter 11 of the Bankruptcy Code.

Volpi filed a proof of claim against WP based on Volpi's complaint filed in the Southern District of West Virginia asserting an amount due of $10,000,000. WP subsequently filed an objection to Volpi's claim. WP asserts that its records reflect no amount due and that Volpi's claim should be disallowed in its entirety. Allowance or disallowance of the Volpi claim against WP is a core matter under 28 U.S.C. § 157(b)(2)(B).

At a hearing held on December 14, 1988, Volpi requested that the matter be transferred to the District Court for the Southern District of West Virginia on the grounds that WP had done business in West Virginia for years and that the majority of the witnesses are located in Logan County, West Virginia.

WP responded that it was important to the estate that Volpi's claim be resolved quickly and that the most efficient way to resolve Volpi's claim would be to try it as a core matter in the Bankruptcy Court. We issued an order for discovery and ordered the parties to file pretrial statements anticipating that the claim amount would be resolved as a core matter in this Court.

On December 18, 1990, this court confirmed the Joint Plan of Reorganization for Wheeling–Pittsburgh Steel Corporation and its subsidiaries. Under the confirmed Plan, WP is obligated to pay 100% of its prepetition debts without interest.

A trial on WP's objection to Volpi's claim was scheduled for January 24 and 25, 1991. In the interim, Volpi renewed its motion to transfer the matter to the Southern District of West Virginia. PM filed a Motion to Intervene and be Heard, which was granted. The Court heard argument on January 10, 1991. PM consented to the jurisdiction of this Court. Volpi, however, continues to assert that this matter should be transferred to the Southern District of West Virginia for the convenience of the parties and the witnesses.

For the reasons discussed herein, we exercise our discretion to transfer this proceeding to the District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1412. The trial scheduled for January 24 and 25, 1991 has been cancelled.

## DISCUSSION

28 U.S.C. § 1412, *Change of Venue*, provides:

A district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

The use of "district court" in § 1412 has been held to incorporate the Bankruptcy Court through the general order of reference from the District Court and because a change of venue determination is considered to be a core matter. *In re Geauga Trenching Corp.*, 110 B.R. 638, 653 (Bankr. E.D.N.Y.1990) (citations omitted).

■ A proper exercise of discretion to change the venue of a proceeding requires that we examine a number of factors, including:

1. Convenience of the parties
2. Interest of justice
3. Plaintiff's choice of forum
4. Enforceability of judgment
5. Timeliness and fairness
6. The proximity of assets, creditor, debtor, respective principals, evidence and witnesses to the venue of the home Court and the Court for the proposed venue
7. The economical and efficient administration of the estate
8. Judicial economy
9. The applicability of State law to the adversary proceedings
10. A local interest in having a localized controversy decided at home

*See In re Manville Forest Products Corp.,* 896 F.2d 1384, 1391 (2nd Cir.1990); *In re Geauga Trenching Corp.,* 110 B.R. 638, 654 (Bankr.E.D.N.Y.1990).

■ The dispute between Volpi and WP involves a breach of contract under which both parties have performed in West Virginia. West Virginia state law applies to the parties' dispute. The contract concerned land and property in West Virginia. Most of the witnesses and evidence required for trial are located in West Virginia.

WP has done business for years in West Virginia and is familiar with the legal system of that state. Counsel for both WP and Volpi are from Charleston. Other than the fact that WP's bankruptcy is in Pennsylvania, there is no localized need to resolve this dispute here. The issue as to whether WP's bankruptcy necessitates a resolution of this dispute by the Bankruptcy Court in Pennsylvania is mitigated since WP is now operating under a confirmed plan of reorganization. It is no longer imperative that the Bankruptcy Court hear the objection to claim as a core matter, since a prompt resolution of the claim amount is not an obstruction to and will not delay reorganization of the debtor.

The most compelling reason for transferring the proceeding to the Southern District of West Virginia is the existence of a second defendant in the underlying Civil Action.

PM, the second defendant, consents to the jurisdiction of the Bankruptcy Court. However, Volpi chose to litigate its action against PM in the Southern District of West Virginia. PM is not in bankruptcy and even though PM consents to our jurisdiction, we cannot force Volpi to litigate its action against PM in this Court.

The adjudication of Volpi's claim against both WP and PM involve identical facts and arise from the same Complaint. Further, our ruling may have a prejudicial affect on PM in the underlying lawsuit. Judicial efforts are wasted by trying one part of the case in this Court and the other part in the Southern District of West Virginia. It will be more efficient and economical for both the parties and the courts to try this case in Charleston, where the District Court has jurisdiction over both defendants.

■ Volpi has demanded a jury trial. A claimant who has filed a proof of claim is not entitled to a jury trial in resolving an objection to its claim. *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). Volpi may be entitled to a jury trial against PM but not against WP. We leave resolution of the jury trial issue to the District Court.

We are advised that PM has filed a Motion for Summary Judgment requesting that it be dismissed from the underlying Civil Action. Should PM prevail on its Motion for Summary Judgment, the District Court may want to return the matter to this Court for a resolution of Volpi's claim.

This proceeding will be transferred to the District Court for the Southern District of West Virginia in the interest of justice and for the convenience of the parties.

An appropriate order will be entered.

### ORDER

This 31 day of January, 1991, in accordance with the accompanying OPINION, it shall be, and hereby is, ORDERED:

1. This proceeding is transferred to the District Court for the Southern District of West Virginia (Civil Action No. 84–2250) for the purpose of prosecution of litigation by A. J. Volpi Contractors, Inc. against W–P Coal Company and Pickands Mather and Company.

2. No interest shall be allowed for the period from April 16, 1985 to December 18, 1990 on any claim established against W–P Coal Company in accordance with the Joint Plan of Reorganization confirmed by the Court on December 18, 1990.

3. If either A. J. Volpi Contractors, Inc. or Pickands Mather and Company establishes a claim and obtains the entry of final judgment against W–P Coal Company in Civil Action No. 84–2250, they shall report same to this Court and obtain leave to levy execution thereon.