**Elaine T. WILLIAMS, Executor of the Estate of Gary Williams, Plaintiff–Appellant,**

v.

**Lawrence J. STEFAN, Judith Stefan, and L & S Industries, Inc., Defendants–Appellees.**

No. 91 C 1163.

United States District Court, N.D. Illinois, E.D.

Oct. 25, 1991.

Ralph E. Brown, Judith L. Borden, David M. Giangrossi, Schuyler, Roche & Zwirner, Chicago, Ill., for plaintiff-appellant.

J. Peck, Peck & Wolf, Bruce L. Wald, Jeffrey B. Rose, Richard W. Hillsberg, Alexander D. Kerr, Tishler & Wald, Ltd., Chicago, Ill., for defendants-appellees.

## ORDER

BUA, District Judge.·

This case comes to the court on appeal from the United States Bankruptcy Court of the Northern District of Illinois. Plaintiff-appellant Elaine T. Williams, Executor of the Estate of Gary Williams, has appealed the bankruptcy court's final order which denied plaintiff-appellant's motion for preliminary injunctive relief and granted defendant-appellees' motion for abstention, 122 B.R. 987. Plaintiff-appellant's challenge is supported by a thorough and well-documented brief. However, for the reasons stated below, the decision of the bankruptcy court is affirmed.

The parties in this case were once associated in a more harmonious way than as adversaries in a court case. Gary Williams, who has since died and whose estate is represented by his wife Elaine Williams, was involved in a business relationship with Lawrence and Judith Stefan. That relationship was L & S Industries, Inc. ("L & S"). The parties were officers and directors of L & S.

In November 1980, Gary Williams entered into an agreement with L & S and Lawrence Stefan. Gary Williams agreed to sell his one-half share of outstanding stock in L & S. In return, L & S promised to pay Williams $750,000. A promissory note was issued and the Stefans personally guaranteed payment of the note.

In November 1981, L & S filed for Chapter 11 relief. Gary Williams filed an adversary complaint in the bankruptcy proceeding, No. 82 A 1620, seeking to modify the automatic stay, so that he might pursue his claims against the debtor, L & S, for payment of the promissory note. The Stefans were not named as parties in that proceeding. In response, L & S filed affirmative defenses and counterclaims against Gary Williams alleging that he had engaged in wrongful conduct.

Meanwhile, Gary Williams filed suit against the Stefans in state court to enforce their guaranties of the L & S promissory note. L & S intervened in the state action. Both the Stefans and L & S responded with affirmative defenses and counterclaims that were virtually the same as the wrongful conduct claims that had been raised in the adversary proceeding.

Eventually, the Chapter 11 proceeding was converted to a Chapter 7 action. A trustee was named. After months had

passed, a newly-appointed trustee decided that the counterclaims to the adversary complaint should be abandoned. The counterclaim was dismissed with prejudice in the bankruptcy case and the bankruptcy court ordered the trustee to dismiss any claims L & S had brought against Williams in any other cases.

Once the trustee abandoned his counterclaim in the bankruptcy case, Williams moved under a res judicata theory to dismiss the affirmative defenses and counterclaims brought by L & S and the Stefans in the state court action. The state court twice considered the motion. The first time the court ruled that all defenses derivative of L & S should be struck and defenses personal to the Stefans should remain. The second time the court dismissed the motion. A motion to reconsider that dismissal is pending.

In July 1990, the trustee filed his final report in the bankruptcy case. However, in August 1990, Williams brought a motion before the bankruptcy court to enjoin the Stefans from proceeding with their affirmative defenses and counterclaims in state court. The Stefans responded by filing a motion for abstention. The bankruptcy court denied the preliminary injunction motion and granted the motion for abstention. It is from these rulings that plaintiff-appellant Williams appeals.

I. Motion for Preliminary Injunction

"When a court reviews a bankruptcy court decision on appeal, the court must adopt the bankruptcy court's findings of fact unless clearly erroneous. The clearly erroneous rule does not apply to review of the bankruptcy court's conclusions of law." *In re Ebbler Furniture and Appliances, Inc.,* 804 F.2d 87, 89 (7th Cir.1986) (citations omitted). Conclusions of law are subject to a *de novo* review. *Id.*

■ The first motion considered by the bankruptcy court was plaintiff-appellant's motion for a preliminary injunction. Although all the factors which must normally be shown to obtain a preliminary injunction need not be established if an injunction is sought from a bankruptcy court to enforce one of its judgments, the moving party must still show that there is a substantial likelihood that she will prevail. In other words, the moving party must show that the proceeding she seeks to enjoin is a threat to a judgment rendered by the bankruptcy court.

■ In this case, plaintiff-appellant argues that an injunction is warranted to avoid relitigation of the counterclaim which was dismissed with prejudice by the bankruptcy court in the adversary proceeding. Relitigation may be barred under the doctrine of res judicata where a prior judgment has been rendered in a court of competent jurisdiction; the judgment is a final one on the merits; the parties or those in privity with them are identical in both suits; and the same cause of action is involved in the two suits. *In re Matter of Wilcher,* 56 B.R. 428, 438 (Bankr.N.D.Ill. 1985). Here, there is no question that the defenses and counterclaims raised in the original bankruptcy proceeding and the state court case are the same. Nor is there any question that a final judgment on the merits was rendered by a court of competent jurisdiction. The issue is whether the parties or their privities are identical. Since the named parties in the two cases are clearly different[1], the focus must be on privity. Was there privity between the trustee and the Stefans when the counterclaim was dismissed in the adversary proceeding?

"Privity in the res judicata sense generally involves a person so identified in interest with another that he represents the same legal right." *In re Matter of Wilcher,* 56 B.R. at 438. For instance, a non-party may be bound by a judgment where he controlled the original suit or a non-party may be bound where his interests were adequately represented by a party in the original suit. *Southwest Airlines Co. v. Texas*

---

**1.** The original bankruptcy proceeding involved L & S, the debtor. The Stefans are the only parties named in the state court suit.

*Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir.), *cert. denied*, 434 U.S. 832, 98 S.Ct. 117, 54 L.Ed.2d 93 (1977).

 To justify preclusion under a control theory of privity, a non-party must have actual control. "A person must have effective choice as to legal theories and proofs to be advanced in behalf of the party to the action." *Benson and Ford, Inc. v. Wanda Petroleum Co.*, 833 F.2d 1172, 1174 (5th Cir.1987) (quoting *Hardy v. Johns–Manville Sales Corp.*, 681 F.2d 334, 339 (5th Cir.1982)). In this case, the Stefans had been long displaced as handlers of the estate and controllers of the bankruptcy. A trustee was in charge in the adversary proceeding and he made the decision to abandon the counterclaim. The bankruptcy court found no evidence that the Stefans controlled or even participated in the adversary proceeding. The court accepts that finding.

Therefore, the court turns to plaintiff-appellant's contention that the trustee adequately represented the Stefans' interests in the bankruptcy proceeding. "Adequate representation means that the party to the first suit is so aligned with the non-party's interests as to be his virtual representative." *Benson and Ford, Inc.*, 833 F.2d at 1175. The parties must have more than parallel interests. The party in the first suit must be accountable to the non-party who seeks to raise the issue in the subsequent suit. *Id.*

In this case, the bankruptcy court concluded that the "Trustee was not authorized to abandon the Stefans' claims nor did he at any time plead the individual interests of the Stefans before the court...." (Findings of Fact and Conclusions of Law on Plaintiff's Motion for Preliminary Injunction and Stefan's Motion for Abstention at 12.) This court concurs with that conclusion.

A trustee's primary duty is to the estate. *In re Dominelli*, 820 F.2d 313, 316 (9th Cir.1987); 4 Collier Bankruptcy ¶ 704.02 (15th ed. 1991). In a Chapter 7 action, the trustee is charged with collecting the property of the estate and closing the estate as expeditiously as possible in keeping with

the interests of the parties in interest. 11 U.S.C. § 704. "He is not ... more representative of one creditor or claimant than another." *In re Ducker*, 134 F. 43, 47 (6th Cir.1905). Creditors, officers, and shareholders all see some of their interests sacrificed for the benefit of the whole estate.

The trustee here, as well, was representing the estate. The trustee could not have possibly represented all of the interests of the parties in interest, such as the Stefans who were shareholders and officers. When he dismissed the counterclaim with prejudice, he was acting under his authorization as the manager of the estate. He was not acting under the authorization of individual parties who may have had interests parallel to that of the estate. Therefore, the trustee could not have waived their interests or personal claims.

Even if the Stefans' interests as shareholders and officers were adequately represented by the trustee, other of their interests remained unrepresented. The Stefans also had interests as guarantors of the L & S promissory note, interests likely to be opposed to those of the estate. The trustee, then, was unable to represent their interests as guarantors.

Since neither the facts nor law support a showing of privity between the trustee and the Stefans, res judicata is not appropriate here. Plaintiff-appellant has failed to show that she is likely to prevail on her motion. Accordingly, the court affirms the denial of the preliminary injunctive relief.

## II. Motion for Abstention

 The bankruptcy court was also asked by defendant-appellees to abstain from further action on this case in the interest of comity with the state court. Because plaintiff-appellant seeks a preliminary injunction on the grounds of effectuating a judgment, it is a core proceeding. Thus, mandatory abstention under 28 U.S.C. § 1334(c)(2) is not applicable here. *In re Baptist Medical Center of New York*, 80 B.R. 637, 645 (Bankr. E.D.N.Y.1987). However, discretionary ab-

stention under 28 U.S.C. § 1334(c)(1) remains an option and must be considered.

■■■ Generally, abstention is the exception rather than the rule for federal courts. However, in the realm of bankruptcy, abstention is looked upon more kindly. Among the factors to be considered in making an abstention determination are the effect of abstention on the administration of the estate; the extent to which state law issues predominate over bankruptcy law issues; the difficulty or uncertain nature of the state law issues involved; the degree of relatedness to the bankruptcy proceeding; and the likelihood that forum shopping may have been practiced by one of the parties. *In re Republic Reader's Service, Inc.*, 81 B.R. 422, 425, 429 (Bankr.S.D.Tex.1987)

■■■ Applying these factors in this case, the bankruptcy court found that abstention is warranted. The bankruptcy court noted that the administration of the estate would not be hindered if the defenses were allowed in the state court case since the bankruptcy case was nearly closed. And, with the closure of the bankruptcy case, the defenses and counterclaim which are based on state law lose their relatedness to bankruptcy law. In fact, the bankruptcy court implied that the primary reason plaintiff-appellant brought her motion to bankruptcy court was to duck unfavorable decisions in state court.

Upon review of the bankruptcy court's reasoning, the court finds that the bankruptcy court properly exercised its discretion, based on the weight of these factors, in deciding to abstain. Accordingly, the bankruptcy court's order of abstention is also affirmed.

## CONCLUSION

The bankruptcy court's order is affirmed in full. Plaintiff-appellant's motion for a preliminary injunction is denied. Defendant-appellees' motion for abstention is granted.

IT IS SO ORDERED.