**In re JCC CAPITAL CORP., Debtor.**

**James C. COURI, as a creditor of and party in interest in JCC Capital Corporation, Plaintiff,**

**v.**

**Barry A. FISHER; Fleishman, Fisher & Moest; Diane E. Pritchard; and Pritchard & Fields, Defendants.**

**Bankruptcy No. 92 B 20002.**

**No. 92–5340A.**

United States Bankruptcy Court, S.D. New York.

Nov. 30, 1992.

Menaker & Herrman, New York City, for Barry A. Fisher and Fleishman, Fisher & Moest.

Schiavetti, DeVito, Begos and Nicholson, New York City, for Diane E. Pritchard and Pritchard & Fields.

Eric Kurtzman, Trustee, Spring Valley, N.Y.

## DECISION ON MOTION TO DISMISS OR TRANSFER, AND FOR PROTECTIVE ORDER PENDING DISPOSITION

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

This adversary proceeding brought by James C. Couri ("Couri") on behalf of the debtor, J.C.C. Capital Corp., against certain California attorneys and their respective California law firms is essentially a malpractice action involving litigation in California and requiring interpretation of California law. The debtor contends that the defendant attorneys acted negligently with respect to claims the debtor possessed against Geminex Industries, Inc. ("Geminex"), a California company.

The defendants, Barry A. Fisher ("Fisher") and Diane E. Pritchard ("Pritchard"), and their respective law firms, Fleishman, Fisher & Moest ("FF & M") and Pritchard & Fields ("P & F"), have moved pursuant to Federal Rule of Bankruptcy Procedure 7012 to dismiss this adversary proceeding under the principle of abstention codified at 28 U.S.C. § 1334(c)(1). The defendants have also moved to dismiss based on the plaintiff's failure to file a timely complaint under California Code of Civil Procedure § 340.6 and because Couri, the plaintiff, is not a proper party to bring such an action on behalf of the debtor. In the alternative, the defendants seek to transfer this action, pursuant to Federal Rule of Bankruptcy Procedure 7087 and 28 U.S.C. § 1412, to the Central District of California, a district in which this action could have originally been brought based upon the diversity of citizenship of the parties. Finally, the defendants have moved pursuant to Federal Rule of Bankruptcy Procedure 7026(c) for a protective order staying discovery and for a stay of the trial pending the disposition of these motions.

## FACTUAL BACKGROUND

On January 2, 1992, the debtor filed with this court a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Such petition constituted an order for relief under 11 U.S.C. § 301. The debtor is a New York corporation with its principal place of business in Rye, New York.

Couri is the principal shareholder and executive officer of the debtor. On April 22, 1992, this court signed an order appointing Couri "Sole Representative" of the debtor and creditors to pursue any and all claims against third parties that Couri believes are obligated to the debtor. The court signed the order after a hearing with respect to a settlement of certain litigation

which the Chapter 7 trustee proposed because the litigation expense did not warrant the trustee's trial of the action. Couri objected to the settlement and urged that the litigation be pursued. In exchange for assuming the representation of the debtor and creditors and foregoing the proposed settlement, Couri personally guaranteed the estate the amount of the proposed settlement.

Arthur Leon ("Leon") and his accounting firm for many years prior to the filing of the Chapter 7 petition by the debtor performed accounting services for the debtor and also engaged in various business ventures with the debtor and Couri.

Pursuant to agreements dated June 26, 1989 and November 9, 1989, Leon undertook to pay legal expenses arising from FF & M's work for Couri, the debtor and himself. This court has previously held that Leon has an allowed claim against the debtor as follows:

(a) To Arthur Leon for advances in the sum of $320,000.00, together with interest at the rate of 12% per annum to January 2, 1992, the date of the filing of the debtor's Chapter 7 petition.

(b) To [Leon's accounting firm] for accounting fees in the sum of $27,000.00.

(c) To Arthur Leon for legal fees advanced towards the Geminex litigation in the sum of $140,211.40, together with interest at prime plus 2 percent per annum, plus a sum equal to 10 percent thereof, as specified in the June 26, 1989 agreement, up to January 2, 1992.

In re J.C.C. Capital Corp., 142 B.R. 82, 87 (Bankr.S.D.N.Y.1992).

By stipulation and order dated July 16, 1992, Leon and Couri agreed to "proceed with negotiating and litigating the claims" of the debtor, including claims with respect to FF & M. Stipulation, at ¶ 1(C) & (D) (July 16, 1992) (the "Stipulation"). The Stipulation gives Leon, after deducting certain expenses expressly set forth in the Stipulation, 70 percent of any proceeds recovered from litigation with Geminex or related litigation.

On October 9, 1992, Couri filed a complaint with this court in which he names as defendants Fisher, FF & M, Pritchard, and P & F. Fisher and FF & M are attorneys licensed to practice in the State of California with their offices in Los Angeles. Similarly, Pritchard and P & F are attorneys licensed to practice in California with their offices in Los Angeles.

Geminex, the corporation against which the instant defendants were retained to bring claims on behalf of the debtor, is a corporation organized under the laws of the State of California.

The complaint's first cause of action alleges malpractice based on negligence. The second cause of action seeks recovery for the defendants' breach of their contract with the debtor. The third cause of action alleges "wrongful conduct" and seeks restitution of funds previously paid to the defendants.

The roots of this adversary proceeding extend back to June of 1987, when the debtor entered into a consulting agreement with Cointel Company, the predecessor to Geminex. Under the consulting agreement, the debtor agreed to provide certain management, financial and marketing services in exchange for certain payments which the debtor contends could exceed $1 million. Cointel was later merged into Geminex. Geminex unilaterally attempted to cancel the agreement. The debtor decided to pursue its claims against Geminex arising out of its termination of the consulting agreement with the debtor. See J.C.C. Capital, 142 B.R. at 83. Couri, as JCC's principal, alleged that the breach of the consulting contract between the debtor and Geminex was worth up to $1,000,-000.00. This claim against Geminex constitutes the debtor's only asset.

In addition, Couri, who sat on the Geminex Board, alleged that Lois Glezerman, Geminex's President and others had "looted" Geminex. With respect to this claim, the parties discussed bringing a shareholders' derivative action pursuant to California Corporation Code § 304 to remove certain Geminex directors for dishonest and fraudulent acts.

On July 21, 1989, Couri, JCC and Leon entered into a retention agreement (the "Retention Agreement") under which the defendants, Fisher and FF & M, were to pursue various claims that the debtor and Couri had against Geminex. Jeremiah S. Gutman ("Gutman"), Leon's long-time counsel and a colleague of Fisher's, referred the matter to Fisher.

FF & M practices primarily public interest law and commercial litigation. Because the claims against Geminex involved complex corporate law questions, the Retainer Agreement expressly authorized FF & M to hire outside law firms for the purpose of consulting them on such matters. *Retention Agreement*, at 6. FF & M consulted Pritchard and Craig Fields of P & F, a Los Angeles law firm, for advice on certain areas of California corporate law.

On or about November 15, 1989, FF & M stopped working on the Geminex matters and moved before the Superior Court of California to withdraw as counsel to Couri, the debtor and Leon. The Superior Court of California granted FF & M's motion on January 3, 1990.

On March 16, 1990, having been unable to obtain payment from Leon on outstanding bills which he had agreed to pay on behalf of Couri, the debtor and himself, FF & M filed a verified complaint in the Superior Court of the State of California for the County of Los Angeles to collect the unpaid charges. *Fleishman, Fisher & Moest v. Leon et al., Leon v. FF & M, FF & M v. Gutman*, Case No. C. 755498, Los Angeles County. Leon filed an answer on or about April 20, 1990.

On July 3, 1991, after FF & M filed its action to recover unpaid legal fees, Leon filed a cross-complaint against FF & M alleging professional malpractice and overcharges based on theories of negligence, breach of contract and violation of fiduciary duty. Leon's cross-complaint involves the same malpractice allegations as the present adversary proceeding, although Pritchard and P & F are not named as defendants in Leon's cross-complaint. *Defendants' Motion to Dismiss*, Exhibit G. On July 31, 1991, FF & M cross-complained against Gutman and his law firm, Levy, Gutman, Goldberg & Kaplan, for indemnity and declaratory relief, should Leon prevail on any of his malpractice claims.

The aspect of the California action that concerns payment of FF & M's bills has already been heard in non-binding arbitration, resulting in an award to FF & M of $22,000.00. This case is currently scheduled to go to trial on all issues, including malpractice, in Los Angeles Superior Court on January 5, 1993. FF & M has a pending motion for summary judgment that if granted would dismiss Leon's cross-complaint.

The majority of the witnesses and documents relating to this adversary proceeding are in California. In addition to attorneys at P & F, witnesses include four attorneys from FF & M, and one or more attorneys from the law firms of Christensen, White, Miller, Fink & Jacobs, Jeffer, Mangels, Butler & Marmaro, Robinson, Diamant, Brill & Klausner and Proskauer, Rose, Goetz & Mendelsohn who are non-party witnesses based in Los Angeles. These attorneys will testify about the work that they performed.

The parties to the underlying action, *Glezerman v. Couri* and *JCC Capital Corp v. Glezerman, et al.* are also located in California. Lois Glezerman and Daniel Zipser, both on the board of Geminex, as well as their counsel Warren I. Wolfe, may be called on to testify on unprivileged matters and Couri's character in defense of Couri's malpractice claim.

Moreover, Los Angeles attorneys who are expert witnesses on California practice will also testify in defense of Couri's malpractice claim. All of the original legal documentation complained of was produced and is stored in California.

The non-California witnesses are Leon, Couri and Gutman. Leon and Gutman are already parties who have appeared and are represented in *Fleishman, Fisher & Moest v. Leon, Leon v. FF & M* and *FF & M v. Gutman*, pending in Los Angeles, California.

Allowing this proceeding to go forward in New York would be extraordinarily inconvenient to the defendants and the majority of witnesses.

## DISCUSSION

### Abstention

Under the circumstances of this case, this court cannot invoke the doctrine of mandatory abstention and will not exercise discretionary abstention. Section 1334(c) provides:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect of State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon a timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, *with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section,* the district court shall abstain from hearing such proceeding *if an action is commenced,* and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c) (emphasis added).

■ The court may not apply mandatory abstention as set forth in section 1334(c)(2) for two reasons.[1] First, subsection (c)(2) requires that a state court action be pending at the time the motion for abstention is made. 28 U.S.C. § 1334(c)(2). A state court action has not been instituted by the debtor. *See In re Kolinsky,* 100 B.R. 695, 704 (Bankr.S.D.N.Y.1989). Second, absent jurisdiction under title 11, this action could have been commenced in a court of the United States based on the diversity of

citizenship of the parties. 28 U.S.C. § 1334(c)(2).

■ Exercising the court's permissive or discretionary abstention powers under 28 U.S.C. § 1334(c)(1) would not be appropriate in this case. Section 1334(c)(1) permits abstention in the interest of justice, comity with State courts, or respect for state laws. "The statute thus furnishes three admittedly nebulous criteria to determine whether [discretionary] abstention is appropriate." *Coker v. Pan American World Airways, Inc. (In re Pan American Corp.),* 950 F.2d 839, 845 (2d Cir.1991). Courts have examined several factors in determining whether to abstain from hearing a case:

(1) the effect or lack there of on the efficient administration of the estate if the court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*In re Craft Architectural Metals Corp.,* 115 B.R. 423 (E.D.N.Y.1989) (quoting *Republic Reader's Service, Inc. v. Magazine Service Bureau, Inc. (In re Republic*

---

**1.** A third reason this court cannot invoke the doctrine of mandatory abstention is because the defendants have not requested dismissal pursuant to mandatory abstention. They have only raised discretionary abstention. A bankruptcy court may not *sua sponte* raise mandatory abstention because it must be raised "[u]pon a timely motion of a party...." 28 U.S.C. § 1334(c)(2). The timely motion requirement is not present in 28 U.S.C. § 1334(c)(1), the discretionary abstention provision.

*Reader's Service, Inc.),* 81 B.R. 422, 429 (Bankr.S.D.Tex.1987)).

The present case is distinguishable from *Craft Architectural* in which the court properly exercised discretionary abstention. There, the debtor was involved in prepetition litigation in a state court and while that litigation was ongoing, filed a bankruptcy petition. The debtor then filed an adversary proceeding seeking the same relief that it sought in the state court action, namely breach of contract and tort claims. The court, *sua sponte,* recommended [2] that the district court exercise discretionary abstention and dismiss the case principally because it (1) involved complex and unsettled state law issues,[3] (2) involved a trial of approximately twenty weeks and would have to be completed piecemeal in the bankruptcy court, (3) was already pending in state court, and (4) could not have been brought in federal court but for 28 U.S.C. § 1334.

In the instant case, none of the above four factors is present. The action does not involve unsettled state law, nor does it involve issues of law or facts that would require more than several days of trial. Additionally, an independent ground for federal jurisdiction, namely diversity of parties, exists in the present case which did not exist in *Craft Architectural.*

Finally, and perhaps most importantly, there is no state court action pending at this time between these two parties. Consequently, the exercise of discretionary abstention would result in dismissal of this action and require the debtor to commence a new action. The defendants contend that Leon's action which is presently pending in the Superior Court of California is virtually identical to the instant adversary proceeding and in any event, Couri and the debtor

have "an interest" in that litigation that is sufficient to warrant the exercise of discretionary abstention. *Defendants' Memorandum,* at 13.

▮ This argument is unpersuasive. The doctrine of res judicata does not apply because of the lack of mutuality of parties, which is an essential factor in applying this doctrine. *Nevada v. United States,* 463 U.S. 110, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983). The stipulation between Leon and Couri is insufficient for establishing the requisite mutuality because while Couri has a share in Leon's litigation, Leon does not have a share in Couri's lawsuit, other than as a creditor of the debtor. Leon's status as a creditor of the debtor does not establish the type of mutuality contemplated by the doctrine of res judicata. While the interests of Leon and Couri in the California action may be parallel, Couri does not control Leon's California litigation strategy nor is Leon accountable to Couri for the results of this action. Privity between parties requires the elements of accountability and control in order for there to be an identity of interests. *Williams v. Stefan,* 133 B.R. 119, 122 (N.D.Ill.1991).

> To have control of litigation requires that a person have effective choice as to the legal theories and proofs to be advanced in behalf of the party to the action. He must also have control over the opportunity to obtain review.... It is not sufficient, however, that the person merely contributed funds or advice in support of the party, supplied counsel to the party, or appeared as *amicus curiae.*

*Restatement (Second) of Judgments* § 39 cmt. c (1982). While Leon's allowed claim against the debtor for funds he previously advanced to the debtor for the Geminex litigation may have to be reduced if he

---

**2.** In 1989 when *Craft Architectural* was decided, Federal Rule of Bankruptcy Procedure 5011(b) required a bankruptcy judge to file a report and recommendation for disposition of a motion for abstention pursuant to 28 U.S.C. § 1334(c). However, Rule 5011(b) was amended in 1991 and now allows bankruptcy judges to sign such orders.

**3.** An examination of the history of 28 U.S.C. § 1334(c)(1) reveals that the provision was in-

tended to codify the judicial abstention doctrines as exemplified in cases such as *Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940). *Coker v. Pan American World Airways, Inc. (In re Pan American Corp.),* 950 F.2d 839, 845 (2d Cir.1991). *Magnolia Petroleum* involved interpretation of unsettled state law and the United States Supreme Court directed the district court to abstain in favor of state court adjudication. *Id.* at 846.

obtains a recovery in the California action, this is not the type of accountability which would constitute control for purposes of privity as required by the doctrine of res judicata.

Although there may be a question as to the collateral estoppel effect of the outcome of Leon's counter-complaint in the California action, there nevertheless is no action pending in state court between these parties. In any event, this court need not address the applicability of collateral estoppel because none of the four factors set forth in *Craft Architectural* is present in this case.

■ Moreover, the other factors courts apply do not warrant exercising discretionary abstention. Abstention, which results in dismissal, will not promote the efficient administration of the debtor's estate. This malpractice claim is integrally related to the Geminex litigation which constitutes the debtor's only remaining asset. Dismissal would require the debtor to commence a new action which would delay this bankruptcy case. State law issues predominate over bankruptcy questions, and the fact that the defendants would not be entitled to a jury trial in this court because the adversary proceeding is non-core, weigh in favor of abstaining. However, these factors are insufficient to overcome the presence of the numerous other factors militating against abstention. Accordingly, the court declines to exercise its discretion in favor of abstention and will next address the defendants' motion to transfer venue to California.

### Change of Venue Pursuant to 28 U.S.C. §§ 1404(a) and 1412

■ A motion to transfer an adversary proceeding that is non-core or related to a case under title 11 is controlled by 28 U.S.C. § 1404, the general change of venue provision, rather than 28 U.S.C. § 1412, because the latter statute contains no ref-

erence to related proceedings.[4] *In re Thomson McKinnon Securities, Inc.*, 126 B.R. 833, 834 (Bankr.S.D.N.Y.1991). The language in 28 U.S.C. § 1404(a) is substantially similar to 28 U.S.C. § 1412 except that it does not refer to cases under title 11, but provides:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

The factors courts consider in determining a motion under section 1404(a) are the same as those considered in deciding a motion under section 1412. *In re Spillane*, 884 F.2d 642, 645 n. 4 (1st Cir.1989) (There is "little reason for distinguishing between the two statutes."). Although section 1404 appears to govern a transfer of venue in non-core adversary proceedings, Federal Rule of Bankruptcy Procedure 7087 provides guidance for the transfer of adversary proceedings, as distinguished from entire bankruptcy cases, and provides:

> On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412, except as provided in Rule 7019(2).

Fed.R.Bankr.Pro. 7087.[5]

■ Bankruptcy courts may enter final orders transferring venue because motions to transfer venue of an adversary proceeding concern the administration of the estate, and as such, are core proceedings. *Thomson McKinnon*, 126 B.R. at 835.

In any event, the factors courts apply in determining whether to transfer venue are the same under either section 1404(a) or 1412. As those factors are applied to the facts of the present case, the court finds that transfer to the United States District Court for the Central District of California is appropriate.

28 U.S.C. § 1412.

---

**4.** Section 1412 provides:

A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

**5.** The reference to Rule 7019(2) relates to the joinder of persons for just determination and is inapplicable to the instant proceeding.

■ A court resolving a motion to transfer venue of an adversary proceeding should consider the same factors as those applicable in district courts and that the United States Supreme Court has articulated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), as follows:

(1) The location of the plaintiff and the defendant;

(2) The state's interest in having local controversies decided within its borders, by those familiar with its law;

(3) The relative ease of access to proof;

(4) Availability of compulsory process for obtaining unwilling witnesses;

(5) Cost of obtaining willing witnesses; and

(6) Other administrative problems with respect to making a trial of a case easy, expeditious and inexpensive.

■ The moving party bears the burden of proving by a preponderance of the evidence that a change of venue is appropriate. *Gulf States Exploration Co. v. Manville Forest Products Corp. (In re Manville Forest Products Corp.)*, 896 F.2d 1384, 1390–91 (2d Cir.1990). Furthermore, "the district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy." *Id.*

In *In re A.R.E. Manufacturing Co., Inc.*, 124 B.R. 912 (Bankr.M.D.Fla.1991), the court transferred to the United States District Court for the Central District of California an adversary proceeding that the debtor had brought in Florida where its bankruptcy case was proceeding. The court found compelling the fact that all pertinent witnesses and documents from prior relevant litigation were in California and that the defendant was a California corporation with no offices or representatives in Florida. *Id.* at 914. The court therefore held that the convenience of both parties would be served by transferring the case to California.

■ In the present case, several of the above enumerated considerations control resolution of this motion. First, all of the documents and witnesses that relate to the underlying Geminex litigation are in California. Second, all of the documents and a majority of the witnesses that relate to the debtor's malpractice claim are in California. Moreover, the witnesses that the debtor claims would be inconvenienced by transferring this case to California, such as Couri, Leon and Gutman are already actively participating in Leon's pending California action. Leon has instituted the action by cross-complaint and Couri has submitted affidavits and promised to testify. Third, the four defendants are all located in California, with no offices or representatives in New York. Finally, although the malpractice issues involved in this adversary proceeding do not raise complex or unsettled principles of California law, the State of California does have an interest in resolving a controversy involving allegations of malpractice defined by California law and asserted against attorneys licensed in its state. Accordingly, this case will be transferred to the United States District Court for the Central District of California.

### California's Statute of Limitations

The defendants have also moved to dismiss this adversary complaint based on the plaintiff's failure to file a timely complaint under California Code of Civil Procedure § 340.6. Under section 340.6, the statute of limitations for claims of legal malpractice is the earlier of: one year from the date the facts constituting the alleged wrongful act or omission are discovered; or four years from the date of the allegedly wrongful act or omission, even if not discovered until thereafter, with certain tolling exceptions inapplicable in this case. The defendants argue that the plaintiff, Couri, believed, or contended, that as early as the fall of 1989 the defendants had engaged in professional malpractice. The question of when Couri discovered the alleged professional malpractice appears to be one of fact which would require testimony. This court will not address the defendants' motion to dismiss based on the Cali-

fornia statute of limitations because the question is more appropriately resolved, in light of the transfer of venue, by the United States District Court for the Central District of California.

### Protective Order

The defendants have also moved pursuant to Federal Rule of Bankruptcy Procedure 7026(c) for a protective order staying discovery. Because the court is transferring the adversary proceeding to the Central District of California, discovery should proceed under the aegis of that court. Accordingly, further discovery in this court shall be stayed while the transfer is accomplished, and thereafter, such discovery will be subject to the authority of the transferee court.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). While this adversary proceeding is a non-core proceeding within the meaning of 28 U.S.C. § 157(c)(1), the instant motions for abstention, made pursuant to 28 U.S.C. § 1334(c)(1), and transfer of venue, made pursuant to 28 U.S.C. § 1404(a) and 1412, are core proceedings in accordance with 28 U.S.C. § 157(b)(2)(A). Moreover, under Federal Rule of Bankruptcy Procedure 5011(b), this court has authority to enter an order relating to a motion for abstention.

2. The defendants' motion to dismiss the adversary complaint pursuant to 28 U.S.C. § 1334(c) is denied. The defendants do not satisfy the requirements for mandatory abstention as set forth in section 1334(c)(2) because there is no state court action pending and this adversary proceeding could have been brought in federal court by virtue of the diversity of the parties. Dismissal of this adversary complaint based on discretionary abstention is inappropriate.

3. The defendants' motion to transfer this adversary proceeding to the United States District Court for the Central District of California is granted pursuant to 28 U.S.C. §§ 1404(a) and 1412 and Federal Rule of Bankruptcy Procedure 7087.

4. This court will not address the defendants' motion to dismiss based on California's statute of limitations because the question is more appropriately resolved by the United States District Court for the Central District of California.

5. Because this adversary proceeding is transferred to the United States District Court for the Central District of California, discovery should proceed under the aegis of that court and therefore discovery is stayed while the transfer is accomplished.

SETTLE ORDER on notice in accordance with the foregoing.