In re Arnold SCHLEIN, Debtor.

Arnold SCHLEIN, Debtor–In–Possession, individually and on behalf of RSW, Inc., Federal MIS Limited Partnership, Square 369 Limited Partnership, 516 Limited Partnership, Square 517 Limited Partnership, Nineteenth Street Associates, and 1111 N. Nineteenth Street Associates, Plaintiffs,

v.

Jerome GOLUB, Arlene Golub, Janet Steinberg, RSW, Inc., Federal MIS Limited Partnership, Square 369 Limited Partnership, Square 516 Limited Partnership, Square 517 Limited Partnership, Nineteenth Street Associates, 1111 N. Nineteenth Street Associates, Defendants.

Bankruptcy No. 93–14458 SR.
Adv. No. 95–0062.

United States Bankruptcy Court,
E.D. Pennsylvania.

May 19, 1995.

Richard B. Rosenblatt, Bruce Goldstein, Zuckerman, Spaeder, Goldstein, Taylor & Kolker, Washington, DC, for defendants.

Nelson Deckelbaum, Deckelbaum Ogens & Fischer, Washington, DC, Kevin Callahan, Office of U.S. Trustee, Philadelphia, PA, Arnold Schlein, Cityscapes, Philadelphia, PA, Partnership Defendants, c/o JGR, Arlington, VA, for Arlene Golub and Janet Steinberg.

Kenneth Aaron, Robert B. Eyre, Lawrence J. Koltler, Buchanan Ingersoll Professional Corp., Philadelphia, PA, for debtor.

Douglas Smillie, Clark Ladner Fortenbaugh & Young, Philadelphia, PA, local counsel, for defendants.

### OPINION

STEPHEN RASLAVICH, Bankruptcy Judge.

#### Introduction.

Before the Court are motions of Jerome Golub, Arlene Golub and Janet Steinberg (the "Individual Defendants") in the above adversary action seeking dismissal of the

Plaintiff/Debtor's complaint for damages and equitable relief, or in the alternative, to have the Court either abstain from hearing the matter, or transfer venue to the District Court for the District of Columbia. The Individual Defendants agree that their dismissal motions have been rendered moot because the Debtor has since filed an Amended Complaint. The abstention and change of venue requests, which remain extant, are opposed by the Debtor. Oral argument was held at a hearing on May 10, 1995, and the parties have provided the Court with memoranda of law in support of their respective positions. For the reasons hereinafter discussed, the request for the Court's abstention and/or a change of venue will be denied.

### Background

The background and recent procedural history of this Chapter 11 Bankruptcy case are detailed in this Court's recent opinion of February 27, 1995. Those facts, which remain pertinent herein, are reported at *In re Arnold Schlein,* 178 B.R. 82 (Bankr.E.D.Pa. 1995), and are not therefore repeated.

At this juncture, the Debtor has initiated the lawsuit against his partners and the entities they co-own described in the Court's prior Opinion. The Individual Defendants, as noted, now collectively request the Court to either abstain from hearing this adversary action, or in the alternative transfer venue to the District Court for the District of Columbia.

### Discussion.

■ There is relatively little dispute as to the applicable law. Abstention from hearing proceedings over which jurisdiction otherwise lies in the Bankruptcy Court is governed by 28 U.S.C. § 1334, which provides, in pertinent part, as follows:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

The Individual Defendants do not press for the Court's mandatory abstention under above § 28 U.S.C. § 1334(c)(2), and indeed abstention under that section would be inappropriate as there is no presently pending state court action between the parties, as is required under 28 U.S.C. § 1334(c)(2).

In asserting their competing positions over the propriety of the Court's discretionary abstention, both the Debtor and the Individual Defendants have cited the Court to *In re Chapman,* 132 B.R. 153, 157 (Bankr.N.D.Ill. 1991), wherein the court set forth the following factors appropriate to utilize in evaluating a request for discretionary abstention.

1. the effect or lack thereof on efficient administration of the estate;

2. the extent to which state law issues predominate over bankruptcy issues;

3. the difficulty or unsettled nature of applicable state law;

4. the presence of a related proceeding commenced in state court or other non-bankruptcy court;

5. the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

6. the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7. the substance rather than the form of an asserted 'core' proceeding;

8. the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9. the burden of the bankruptcy court's docket;

10. the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; and

11. the presence of nondebtor parties.

At the outset, the Court would note that the above lengthy list of relevant factors is not indicative of the existence of a federal policy which supports or encourages a court to abstain from the consideration of matters otherwise properly before it. Indeed, as the Debtor correctly observes, the United States Supreme Court has indicated that federal policy, in fact, is just the opposite. In other words, the doctrine of abstention has been held by the Supreme Court to be an extraordinary and narrow exception to the duty of a District Court (and by implication this Court) to adjudicate a controversy properly before it. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). Thus, abstention rarely should be invoked. *Ankenbrandt v. Richards*, 504 U.S. 689, 704, 112 S.Ct. 2206, 2215, 119 L.Ed.2d 468 (1992). *See also, Izzo v. Borough of River Edge*, 843 F.2d 765, 767 (3d Cir.1988).

Against the foregoing "controlling" backdrop, the Individual Defendants assert that the following facts militate in favor of the Court's abstention:

a. Efficient administration of the Debtor's estate will be promoted by focusing the Debtor on his plan of reorganization so his creditors can receive payments in a timely manner;

b. There are no bankruptcy issues presented by the litigation;

c. All of the substantive rights in the litigation are determined by District of Columbia law;

d. This litigation is easily separated from the Debtor's bankruptcy case without an impact on the Debtor's ability to reorganize;

e. This is not a core proceeding;

f. The Debtor has engaged in forum shopping by bringing five year old alleged claims to this Court; and

g. All of the defendants are non-debtor parties.

Having considered the Individual Defendants' argument with respect to the above, the Court, while partially in agreement, disagrees that abstention in this instance is appropriate.

Initially, the Court is unpersuaded by the parties' competing accusations of forum shopping, or by the Individual Defendants' argument that the Debtor has unduly delayed bringing his lawsuit against them. The former arguments appear to be little more than rhetoric. As to the latter argument, the Court rejects it noting that the Individual Defendants do not argue here that the Debtor's claims are time barred.

Beyond this, the Court rejects the Defendants' argument that abstention will foster efficient administration of the Debtor's estate by focusing the Debtor on his plan of reorganization, as opposed (presumably) to the instant litigation. The Debtor's principal assets are his interests in the partnership defendants, which interests he co-owns with the Individual Defendants. The Debtor has asserted that resolution of the disputes between he and his partners is pivotal to his formulation of a plan of reorganization. No evidence to refute this assertion has been presented to the Court, despite the Individual Defendants' vehement verbal and written protests to the contrary. Examination of the Debtor's amended schedules, on the other hand, suggests that the Debtors' position is entirely plausible. Thus, rather than operating as a factor which weighs in favor of the Court's abstention, the Debtor's assertion of the primacy of this litigation has precisely the opposite effect.[1] For the same reason,

---

1. The Court, in particular, rejects the Individual Defendants peculiar, *contra*, argument that this litigation is not central to the Debtor's reorganization because even without resolving it the Debtor could still theoretically propose the specific reorganization plan described in paragraphs 9 through 16 of the Individual Defendants' Supplemental Memorandum of Law. In this respect, the Court absolutely declines to speculate on the wisdom or the feasibility of a hypothetical reorganization plan which is not actually before it. The Court notes, moreover, that each of the Individual Defendants has filed a substantial proof of claim in this case and could, if they felt strongly enough about this argument, file their

the Court rejects the Individual Defendants' argument as set forth in subparagraph d above; in other words, if one accepts the Debtor's argument that resolution of the instant litigation is a predicate to his reorganization (as the Court does at this juncture), it can easily be seen that there is no easy way to "separate out" this litigation without significant impact on the Debtor's ability to reorganize.

Beyond this, the Individual Defendants observe correctly that the Debtor's amended complaint raises state contract and tort issues involving non-debtors which are "non core" for purposes of this adversary proceeding.[2] It does not automatically follow from this, however, that abstention is appropriate. In this respect, the Debtors respond correctly that substantive rights under not just the law of the District of Columbia, but also under the laws of the Commonwealths of Pennsylvania and Virginia, and the State of Maryland have been drawn into question. This undercuts the Defendants' assertion that abstention in favor of a state court in the District of Columbia is appropriate. In this respect, the Court also notes that to the extent the claims of the Debtor and Defendants, *inter se,* involve questions of state law, the Defendants have not argued that the state laws in question are either unusually complex or unsettled. Of course, undercutting the Individual Defendants' assertions still further are 1) the undeniable fact that there is no proceeding between these parties now pending in any state court, and 2) the fact that the Debtor's amended complaint now includes a count under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. 1961, *et seq.* In the latter respect, the Court notes that the inclusion of the RICO count may ultimately lead to mandatory withdrawal of the reference under 28 U.S.C. § 157(d). As of this time, however, no motion to that effect has been filed and the Court will not speculate on whether such a motion will be filed.

In sum, therefore, the Court concludes that abstention under 28 U.S.C. § 1334(c)(1) is inappropriate. The Defendants' motion for the same will accordingly be denied.

### Change of Venue.

■ As an alternative to the Court's abstention, the Defendants urge the Court to transfer venue of the instant adversary proceeding pursuant to 28 U.S.C. § 1404(a) which provides, as follows:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■ The factors a court considers in determining a motion under above section 1404(a) are essentially the same as those considered in deciding a motion under section 1412, *In re J.C.C. Capital Corp.,* 147 B.R. 349, 356 (Bankr.S.D.N.Y.1992), and include:

1. Convenience of the parties;
2. Interest of justice;
3. Plaintiffs' choice of forum;
4. Enforceability of judgment;
5. Timeliness and fairness;
6. The proximity of assets, creditor, debtor, respective principals, evidence and witnesses to the venue of the home court and the court for the proposed venue;
7. The economical and efficient administration of the estate;
8. Judicial economy;
9. The applicability of state law to the adversary proceedings; and
10. A local interest in having a localized controversy decided at home.

*In re Wheeling–Pittsburgh Steel Corporation,* 123 B.R. 537, 539 (Bankr.W.D.Pa. 1991)

own plan of reorganization embodying the terms they suggest.

**2.** It is somewhat unclear from the Debtor's Amended Complaint (Paragraphs 16 and 17) whether the Debtor sees the claims at issue as core or non-core. Having reviewed the numer-

ous claims in the amended complaint, the Court is of the opinion that the claims, in their particular procedural posture, do not fit any of the criteria of 28 U.S.C. § 157(b)(2) and are therefore "related" non-core matters.

In support of their request for a change of venue, the Defendants cite the following reasons:

a. Two of the three partners are located in the Washington, D.C. metropolitan area;

b. The business records for the Family partnerships are located in the Washington, D.C. metropolitan area;

c. All of the Family Partnerships' assets are located in the Washington, D.C. metropolitan area;

d. All the Family Partnerships' creditors are located in the Washington, D.C. metropolitan area;

e. All activities, including, but not limited to, the maintenance of the real property assets owned by the Family Partnerships are handled in the Washington, D.C. metropolitan area;

f. Jerome Golub, the manager of the Family Partnerships for over thirty-five (35) years, is located in the Washington D.C. metropolitan area.

g. The applicable government regulating the activities of the Family Partnerships is the District of Columbia;

h. Any judgment would require enforcement in the District of Columbia;

i. District of Columbia law applies to this controversy;

j. The District of Columbia maintains an interest in deciding District of Columbia partnership issues involving assets located in the District of Columbia;

k. Convenience of the parties, fairness and the interest of justice require the Debtor's claims, most of which arose over five years ago, to be tried in the District of Columbia; and

l. The Debtor would have no potential claim of jurisdiction in Pennsylvania over these Defendant outside of this Bankruptcy case.

While the above list of arguments is long, it again fails to persuade. The Individual Defendants point out accurately that they, and the real properties to which this litiga-tion pertains, are located in and around the Washington D.C. metropolitan area. The *situs* of the realty itself, however, is of little moment, as is the fact that the partnership entity's manager, records and creditors are located there. Physical proximity of the Court to the realty in question should neither delay nor expedite this litigation. In this respect, and absent evidence to the contrary, the Court assumes that such business records as may be necessary to prosecute and defend this litigation are easily transportable.

Beyond the foregoing, the Individual Defendants stress heavily the implications of applicable District of Columbia law, as well as the interests which that jurisdiction has in regulating the activities of the partnerships entities in issue. Other than the Defendants' conclusory references to issues of local law and local governmental interests, however, these arguments are basically unsupported. In particular, the alleged interest of the District of Columbia in regulating the affairs of the Partnership's Defendants strikes the Court as vague and attenuated. Furthermore, and as hereinbefore noted, the law of more than one jurisdiction has been called into question by the Debtor, while the Individual Defendants, on the other hand, have failed to even assert that pertinent state law issues are either complex or will require this Court's pioneering construction of unsettled issues.

■ At bottom, it seems clear that the Individual Defendants' argument is predicated on economics. Specifically, the Individual Defendants maintain that the costs of defending the instant action will be significantly higher for them, if they are forced to litigate in Philadelphia versus Washington D.C. This argument has a degree of appeal. It is undeniable that the litigation costs involved for the Defendants will be higher as a result of the forum selected by the Debtor. The principal component of this increased cost, however, appears to be the travel expense involved, both for the Individual Defendants, as well as for witnesses whom the Individual Defendants may be required to compensate. The notion of increased expense to a litigant exists, *a fortiori*, when one posits the conduct of litigation in a forum which is more distant

to that litigant than another forum. Indeed, this is not an altogether uncommon problem in litigation involving partners and partnerships, because the location of partnership assets often does not coincide with the domicile of the partners. If this fact alone were dispositive, change of venue requests under these circumstances could rarely be resisted. As with abstention, however, policy considerations lie in the opposite direction. In other words, although a Plaintiff's choice of forum is not controlling, that choice of forum is ordinarily not disturbed, particularly where the plaintiff is a debtor in a Bankruptcy case and the forum is the district wherein the Bankruptcy case is pending. *See In re J.C.C. Capital Corp.,* 147 B.R. at 357 (citing *Gulf States Exploration Co. v. Manville Forest Products Corp. (In re Manville Forest Products Corp.),* 896 F.2d 1384, 1390–91 (2d Cir.1990)); *In re Windsor Communications Group, Inc.,* 53 B.R. 293, 296 (Bankr.E.D.Pa. 1985) citing *In re Trim–Lean Meat Products, Inc.,* 11 B.R. 1010 (D.C.Del.1981), *Nixon Machinery Co. v. Roy Energy, Inc. (In re Nixon Machinery),* 27 B.R. 871, 873 (Bankr. E.D.Tenn.1983). In this instance, the appropriate venue presents a relatively close question. On the record before it, the Court cannot conclude that the instant forum is so inappropriate or the alleged expense and inconvenience to the Individual Defendants so great that the Court should simply change the venue of the litigation and shift the inevitable travel expenses to the Debtor. For all of the foregoing reasons, the Defendants' alternative request for a change of venue will be denied.

An Order consistent with the foregoing conclusions will be entered herewith.