In re A.R.E. MANUFACTURING COMPANY, INC., Debtor.

A.R.E. MANUFACTURING COMPANY, INC., Plaintiff,

v.

D & M NAMEPLATE, INC., Defendant.

Bankruptcy No. 89–2587–BKC–3P1.
Adv. No. 90–242.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 7, 1991.

Lawrence R. Rolfe, Jacksonville, Fla., for plaintiff.

Alan M. Weiss, Jacksonville, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTION TO CHANGE VENUE

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court on motion of D & M Nameplate, Inc., defendant, to transfer venue of this proceeding to the United States District Court for the Central District of California. Defendant filed motions to dismiss, to strike, for judgment on the pleadings, and to change venue.

At the pretrial hearing held on January 23, 1991, the Court denied the motions to dismiss, to strike, and for judgment on the pleadings. Upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law as to the defendant's motion to change venue:

### FINDINGS OF FACT

Plaintiff, a Florida corporation, is a manufacturing business dealing primarily with government defense contracts. Defendant,

a California corporation, is a component supplier for plaintiff.

Plaintiff seeks damages arising from the subcontracting relationship of the parties. Plaintiff alleges that defendant has been selling property of plaintiff (as debtor in possession) and/or using unliquidated progress payments in violation of various federal acquisition regulations as well as the Bankruptcy Code.

Defendant is a California corporation and maintains no offices within the State of Florida. The defendant does not have a resident agent, representative, personnel, or any other type of employee within the State of Florida.

The contracts in dispute were executed in the State of California and constitute the only transactions defendant has had with a Florida corporation. Defendant has not had any minimum contact with the State of Florida that would have apprised defendant that it would be brought into the Florida courts to answer for its actions.

All pertinent witnesses, property, papers, and pleadings from prior relevant actions are in California.

One of the issues before the Court is whether it has authority to transfer venue of this proceeding or whether it must make a Report and Recommendation to the United States District Court for the Middle District of Florida which would then decide if transfer of venue was proper. If the Court decides it has the power to transfer this adversary proceeding, it must then determine if it should order the change of venue.

### CONCLUSIONS OF LAW

■ The Court must first look to Bankruptcy Rule 7087 to properly consider its authority to transfer venue of this adversary proceeding. Bankruptcy Rule 7087 provides in relevant part:

> On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412....

The Court then turns to 28 U.S.C. § 1412 and determine the significance of that statute in light of other jurisdictional statutes. 28 U.S.C. § 1412 provides:

> A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice and for the convenience of the parties.

Other courts that have addressed this issue have read 28 U.S.C. § 1412 in conjunction with 28 U.S.C. § 157, which provides in relevant part:

> (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
>
> (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review
>
> . . .
>
> (2) Core proceedings include, but are not limited to—
>
> (A) matters concerning the administration of the estate....

This Court agrees with recent decisions that hold that due to the automatic reference under 28 U.S.C. § 157(b)(2)(A), the Bankruptcy Court is authorized to transfer venue pursuant to Bankruptcy Rule 7087 and 28 U.S.C. § 1412. Those courts have determined that a Bankruptcy Court may transfer an adversary proceeding under two theories: (i) the automatic reference by a District court under 28 U.S.C. § 157(a) gives it inherent authority to do so, and (ii) the transfer of an adversary proceeding is a core proceeding "concerning the administration of the estate" pursuant to 28 U.S.C. § 157(b)(2)(A).

In *In re Leonard*, 55 B.R. 106 (Bankr.D.C.1985), the court considered a motion to transfer venue reading § 151, which states that bankruptcy judges "shall constitute a unit of the district court to be known as the bankruptcy court for that district," in conjunction with § 157(a) and (b), the court concluded that bankruptcy courts have the power to transfer venue. The court noted

policy reasons for such a result: i) venue decision need to be made quickly and ii) the judicial officer who has heard the case, and may retain it, is in the best position to make an informed decision. In addition the court found that as "a matter ... concerning the administration of the estate ..." a motion to transfer a case is a core proceeding.

*In re Texaco Inc.,* 89 B.R. 382 (Bankr.S. D.N.Y.1988) dealt with a motion to transfer venue in a dispute over royalty payments made under gas and oil leases. The court found that such a motion was a core proceeding to be heard by the bankruptcy court. Since the well records, meter records, original contracts, gas volume documents, and witnesses were all in Louisiana transfer of venue from New York, where the petition had been filed, was proper.

In *In re United States Aviex Co., Inc.,* 96 B.R. 874 (Bankr.N.D.Ind.1989), that court concluded it had the power to dispose of a motion to transfer venue of an adversary proceeding. Basing its decision on the broad language of § 1412 and the policy problems inherent in requiring the involvement of an Article III judge, the court asserted authority to determine appropriate venue.

Based on the foregoing, the Court concludes that as a matter of law it has the authority to transfer venue of an adversary proceeding.

The Court now turns to the question of whether such transfer is appropriate.

 This Court begins its analysis from the premise that a court should exercise its power to transfer cautiously and that the party moving for the transfer has the burden of proving that the transfer would be in the best interest of justice and for the convenience of the parties. *In re Jolly,* 106 B.R. 299, 300 (Bankr.M.D.Fla.1989); *In re One–Eighty Investments, Ltd.,* 18 B.R. 725, 728 (Bankr.E.D.Ill.1981) citing *In re Commonwealth Oil Refining Co.,* 596 F.2d 1239 (5th Cir.1979) *cert. denied,* 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980).

 The principal criteria identified by bankruptcy courts in the few published cases dealing with the transfer of an adversary proceeding are:

(1) the location of the plaintiff and defendant;

(2) the ease of access to necessary proof;

(3) the availability of subpoena power for the unwilling witness;

(4) the expense related to obtaining willing witnesses;

(5) the enforceability of any judgment rendered;

(6) the ability to receive a fair trial;

(7) the state's interest in having local controversies decided within its borders, by those familiar with its law; and,

(8) the economics of the estate administration.

*In re Southwinds Associates, Ltd.,* 115 B.R. 857, 862 (Bankr.W.D.Pa.1990); *In re Allegheny, Inc.,* 68 B.R. 183, 191 (Bankr. W.D.Pa.1986); *In re F/S Airlease II, Inc.,* 67 B.R. 428, 432 (Bankr.W.D.Pa.1986).

Of these enumerated considerations, only three appear to control the resolution of this proceeding. The relative difficulty of access to necessary proof, the expense related to obtaining willing witnesses, and the unavailability of subpoena power all lead this Court to conclude that venue should be transferred.

The defendant has proven that the interests of justice would be best served if venue is transferred. All pertinent witnesses, property, documents, and pleadings from prior relevant litigation are currently in California. As the defendant is a California corporation which maintains no office, personnel, or representative in Florida, the convenience of both parties will be served by the transfer of this proceeding.

The Court will separately enter an order transferring this adversary proceeding to the United States District Court for the Central District of California.