**GLOBAL UNDERWRITING MANAGEMENT, INC., a Florida corporation and J. Michael Griffiths, Plaintiffs,**

**v.**

**CHATHAM UNDERWRITING MANAGEMENT, INC., a Delaware corporation, and Richard Adeline, Defendants.**

**NORTHERN INTERNATIONAL CORPORATION a British Virgin Islands Corporation derivatively on Behalf of Central Insurance Company, Ltd., Plaintiff,**

**v.**

**GLOBAL UNDERWRITING MANAGEMENT, INC. a Florida corporation and J. Michael Griffiths and Central Insurance Company, Ltd., Defendants.**

**Adv. No. 92–0668–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

Sept. 22, 1992.

---

Jenifer Young Pfleger, Lawrence Bonner, Greer, Homer & Bonner, P.A., Miami, Fla., for Chatham Underwriting Management, Inc. and Richard Adeline, Northern International Corp., etc.

John E. Eaton, Mershon, Sawyer, Johnston, Dunwoody & Cole, Miami, Fla., for debtor and J. Michael Griffiths.

## ORDER GRANTING CHATHAM, ADELINE AND NORTHERN'S MOTION TO ABSTAIN FROM EXERCISING JURISDICTION AND TO REMAND AND DENYING GLOBAL'S MOTION TO TRANSFER VENUE ·

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came before the Court on September 2, 1992 upon Chatham Underwriting Management, Inc.'s ("Chatham"), Richard Adeline ("Adeline") and Northern International Corporation's ("Northern") Motion to Abstain from Exercising Jurisdiction and to Remand and Memorandum in Opposition to Global Underwriting Management, Inc.'s ("Global") Motion to Transfer Venue and upon Global's Motion to Transfer Venue. This Court has heard argument of counsel and read the letter of John D. Eaton dated September 9, 1992 and the letter of Jenifer Y. Pfleger dated September 16, 1992 and is otherwise fully advised in the premises.

### INTRODUCTION

This matter is pending before the Honorable Celeste Hardee Muir, Dade County Circuit Court judge. It was scheduled to proceed to trial on August 24, 1992. Two days before a scheduled hearing on an order to show cause issued by Judge Muir as to why plaintiffs Global and J. Michael Griffiths ("Griffiths") should not be held in criminal contempt for their failure to comply with that court's orders, Global filed for Chapter 11 protection in the United States Bankruptcy Court for the Central District of California. Joining Global were two other parties to the State court action: Chatham and Central Insurance Company, Inc. ("Central"). Griffiths has not filed for Chapter 11 protection.

This action was removed to this forum on July 9, 1992. On July 15, 1992, Global filed a motion to transfer venue of this action to the Central District of California with this Court. Shortly thereafter, Chatham, Adeline and Northern filed a motion to abstain requesting this Court to refrain from exercising jurisdiction and remand this action to the State court and a memorandum in opposition to Global's motion to transfer venue.

### DISCUSSION

■ At the outset, the Court notes that where both a motion to abstain and a motion to transfer venue are pending, it is proper to consider the motion to abstain first because it is jurisdictional and dispositive. *Lone Star Industries, Inc. v. Liberty Mutual Insurance*, 131 B.R. 269 (D.Del. 1991).

■ Abstention is mandatory when three requirements have been met: (1) the case is based upon a state law claim or cause of action which although related to a Title 11 case did not arise under Title 11 or out of a Title 11 case; (2) the case could not have been commenced in federal court absent the fact of the bankruptcy petition; and (3) if the case were commenced in a state court, it could be timely adjudicated. *Borintex Manufacturing Corp. v. Banco Gubernamental de Fomento Para Puerto Rico*, 102 B.R. 8 (D.P.Rico 1989); *State Bank of Lombard v. Chart House, Inc.*, 46 B.R. 468 (N.D.Ill.1985).

■ Chatham, Adeline and Northern deny that this action is a core proceeding. This action does not fit within the categories of core proceedings defined by 28 U.S.C. § 157(b)(2). The claims of Chatham, Adeline and Northern are asserted essentially against Griffiths individually. Any judgment against Griffiths, a non-debtor, would not directly determine or adjust the relationship of the debtors to their creditors. Where, as here, claims are asserted against an individual, non-debtor who is the shareholder and president of the debtor corporation, the action is considered non-core. *In re Cinematronics, Inc.*, 916 F.2d 1444 (9th Cir.1990).

Moreover, no separate basis exists for federal jurisdiction. Complete diversity of citizenship does not exist and this matter does not arise under the Constitution, laws or treaties of the United States, does not involve a federal question and does not involve admiralty or maritime law. *Forcheimer v. Commercial Standard Insurance Company*, 181 F.2d 182 (5th Cir. 1950).

Finally, this case will be promptly adjudicated in State court. It was scheduled for trial on August 24, 1992. Accordingly, this case is subject to mandatory abstention.

■ This case is also proper for discretionary abstention. Bankruptcy courts have discretion to abstain from exercising jurisdiction over removed cases "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). In considering whether to exercise its discretion to abstain, a court should consider the same reasoning it applies in mandatory abstention cases. *In re Shop & Go, Inc.*, 124 B.R. 915 (Bankr.M.D.Fla.1991). Accordingly, even were this matter a core proceeding, this Court is authorized to abstain from exercising jurisdiction.

■ The Court may consider the following additional factors when deciding discretionary abstention issues: effect on administration of estate, extent of state law issues, difficulty of state law questions, location of related proceedings, jurisdictional bases, degree of remoteness, feasibility of enforcement, burden on court's docket, presence of forum shopping, right to jury trial and the presence of non-debtor parties. These factors militate in favor of abstention.

This action is a complex matter and the State court has expended tremendous resources in familiarizing itself with these complicated issues. If this Court were to exercise jurisdiction over this matter at this stage it would constitute a tremendous waste of judicial resources. Moreover, if this Court refuses to abstain from exercising jurisdiction over this matter and ultimately transfers this case to the Bankruptcy Court for the Central District of California, the knowledge of the case acquired by present counsel during the state proceedings over the last two years would be wasted. *Lone Star Industries, Inc. v. Liberty Mutual Insurance*, 131 B.R. 269 (D.Del. 1991).

■ Finally, the resolution of this dispute by the State court will only be helpful to the bankruptcy court and the trustee in determining the whereabouts of Central's assets. Where such is the case, abstention is appropriate. *In re Shop & Go, Inc.*, 124 B.R. 915 (Bankr.M.D.Fla.1991).

■ This case was removed to this Court pursuant to 28 U.S.C. § 1452(a). Section 1452(b) provides that a case so removed may be remanded to the state court from which it was removed based upon "any equitable ground." In deciding whether to remand, a court should consider the following factors: judicial economy, comity and respect for state court capabilities, the effect on the administration of the estate, the effect of bifurcating claims and the prejudice to the parties involved. Consideration of these factors militates that this matter be remanded to State court.

■ Finally, this matter should not be transferred to another venue. A bankruptcy court may transfer a case only "in the interest of justice and for the convenience of the parties." 28 U.S.C. § 1475. As a preliminary matter, a bankruptcy court should exercise its power to transfer venue cautiously. Moreover, the party moving for transfer has the burden of proving that transfer would be in the best interest of justice and for the convenience of the parties. *In re A.R.E. Manufacturing, Company, Inc.*, 124 B.R. 912 (Bankr. M.D.Fla.1991).

In applying the twin tests of "convenience of parties" and "in the interest of justice" the courts have considered the following factors:

(1) relative ease of access to sources of proof;

(2) availability of compulsory process for attendance of unwilling, and the cost

of obtaining the attendance of willing, witnesses;

(3) the enforceability of judgment if one is obtained;

(4) relative advantages and obstacles to fair trial;

(5) a local interest in having localized controversies decided at home;

(6) a trial in the state the law of which will govern the action.

*In re International Coins & Currency, Inc.*, 18 B.R. 79 (Bankr.D.Ver.1982).

Central and Chatham are both housed in Dade County, Florida. Consequently, their books and records are located here. Second, the witnesses necessary to this proceeding reside in Dade County, Florida. These include the employees and former employees and former and present business partners of Griffiths, all of whom reside in Dade County, Florida. Third, any assets which Griffiths maintains in the United States are located in Dade County, Florida. The fourth, fifth and sixth factors likewise militate in favor of remand to the State court. Chatham, Adeline and Northern will be severely prejudiced if this action is transferred to California in that they will be unable to utilize the services of present counsel. Tremendous resources have been expended thus far in the preparation of this case for trial. Moreover, this action arose in Florida between two Florida residents who conducted business from Florida. Here, they entered into contracts for the sale of insurance and reinsurance. Here, they leased office space. Here, they paid claims to insureds. The State of Florida has a valid interest in the resolution of these claims. Additionally, the laws of the State of Florida govern this dispute. Accordingly, it is

ORDERED AND ADJUDGED that Chatham, Adeline and Northern's motion to abstain and to remand is GRANTED. Global's motion to transfer venue is DENIED.

DONE AND ORDERED.