**UNICO HOLDINGS, INC., Plaintiff,**

v.

**NUTRAMAX PRODUCTS, INC., Defendant.**

No. 01–3042–BKC–SHF–A.

United States Bankruptcy Court, S.D. Florida.

July 13, 2001.

L. Louis Mrachek, Page, Mrachek, Fitz-gerald & Rose, P.A., West Palm Beach, FL, for Nutramax Products, Inc.

John F. Mariani, Levy, Kneen, Mariani, Curtin, Wiener, Kornfeld & Del Russo, P.A., West Palm Beach, FL, for Unico Holdings, Inc.

## ORDER DENYING NUTRAMAX PRODUCTS, INC.'S MOTION TO TRANSFER UNDER 28 U.S.C. § 1412 AND GRANTING UNICO HOLDINGS, INC.'S MOTION TO REMAND THE CASE TO STATE COURT IN PALM BEACH COUNTY, FLORIDA

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came on for hearing on May 17, 2001, for consideration of the Motion to Transfer Under 28 U.S.C. § 1412, filed by Nutramax Products, Inc. ("Defendant"). The Defendant filed a chapter 11 bankruptcy petition on May 2, 2000 in the United States Bankruptcy Court for the District of Delaware. On November 3, 2000, the Delaware bankruptcy court entered an order confirming Defendant's First Amended Chapter 11 Plan of Reorganization. On February 26, 2001, the Defendant filed a Notice of Removal to the United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division, in the case of *Unico Holdings, Inc. v. NutraMax Products, Inc.*, C.A. No. 97–005077. This state court action has been pending in Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida since June 9, 1997. Following the removal of the case, Defendant filed the instant motion to transfer the case to the United States Bankruptcy Court for the District of Delaware in order to adjudicate the matter before the bankruptcy court in Delaware. In response to the Defendant's instant motion, Unico Holdings, Inc. ("Plaintiff") filed its Memorandum of Law in Opposition to Defendant's Motion to Transfer the Case and a Motion to Remand the Case to State Court in Palm Beach County, Florida ("Motion for Remand"). After hearing the arguments of counsel and reviewing the relevant pleadings, the Court denies the Defendant's motion to transfer the case to the United States Bankruptcy Court for the District of Delaware and grants the Plaintiff's motion to remand the case to state court.

The Plaintiff is a Florida corporation, with its principal place of business located in Palm Beach County, Florida. The Defendant is a corporation incorporated under Massachusetts law, conducts substantial business in Florida, and is subject to the jurisdiction of Florida courts under Fla. Stat. § 48.193(1)(a). On June 9, 1997, the Plaintiff filed an action against the Defendant in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida ("state court action"). The complaint filed by the Plaintiff contains four counts, consisting of the following: (1) deceptive and unfair trade practices under Florida Statute § 501.201; (2) false descriptions under 15 U.S.C. § 1125(a)(1)(B); (3) defamation under Florida law; and (4) tortious interference with Plaintiff's ongoing business relationships in violation of Florida law. The basis for these claims is a four-page pamphlet self-styled "Technical Bulletin"

allegedly containing false and misleading information about the Plaintiff that was distributed by the Defendant to customers and potential customers of the Plaintiff. Included in the pamphlet was the implication that the Plaintiff's manufacturing process and manufacturing plant are unsanitary and unclean and that the Plaintiff's product is unsafe.

As the action has been pending for approximately four years, a substantial amount of discovery has occurred in the state court action. All of the documents, all of the Plaintiff's witnesses, and counsel for both the Plaintiff and the Defendant in this action are located in Florida. The complaint filed by the Plaintiff in state court includes a demand for a jury trial. A visit by the jury to the Plaintiff's manufacturing plant, located in Lake Worth, Palm Beach County, Florida, has been anticipated as part of the evidence to be presented at trial. According to the Plaintiff, the action was almost ready to proceed to trial in state court, when it was stayed by the Defendant's filing of the chapter 11 bankruptcy petition on May 2, 2000.

After confirmation of the Defendant's chapter 11 plan of reorganization, the Defendant removed the instant action to this Court in order to transfer it to Delaware. The Defendant moves this Court to transfer the instant case pursuant to 28 U.S.C. § 1412. According to the Defendant, a transfer of venue to the United States Bankruptcy Court for the District of Delaware is both appropriate and mandatory in the instant case. The Defendant argues that transfer is appropriate for several reasons. First, "[t]here is a general presumption that the venue of proceedings should be conducted in the court where the bankruptcy case is pending." (Nutramax Products, Inc.'s Memorandum in Support of Its Motion to Transfer Under 28 U.S.C. § 1412, [CP 5, page 6] (quoting 1A JAMES

WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 0.244 (3d ed.1996)).) The Defendant states that this presumption is extremely compelling in the instant case, because the determination of the Plaintiff's claim will affect the distribution of the bankruptcy estate. As additional support for the contention that transfer is appropriate, the Defendant alleges that it would result in the most economical and efficient administration of the bankruptcy estate. The Defendant also argues that by filing a proof of claim in the bankruptcy proceedings in Delaware, the Plaintiff has displayed an ability to proceed with the instant action in Delaware. In support of its position that a transfer is mandatory, Defendant directs the Court's attention to language contained in the confirmed chapter 11 plan of reorganization:

> [T]he Bankruptcy Court shall retain and have exclusive jurisdiction of all matters arising out of, and related to the Chapter 11 Case or this Plan pursuant to, and for purposes of, subsection 105(a) and section 1142 of the Bankruptcy Code and for, among other things, the following purposes: (a) to determine any and all disputes relating to Claims and Interests and the allowance and amount thereof; .... (h) to enforce and interpret any provisions of this Plan ...

(Debtors' First Amended Joint Chapter 11 Plan of Reorganization ¶ 14.1, at 35.)

The Defendant argues not only that the United States Bankruptcy Court for the District of Delaware is in the best position to interpret and enforce its own order, but also that because the Delaware bankruptcy court retained "exclusive jurisdiction" over the determination of the allowance and amount of all disputed claims, the case must be transferred to that court as no other court has jurisdiction to hear the case.

■ Pursuant to 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." A bankruptcy court has the same authority under 28 U.S.C. § 157(a). When exercising this authority, a bankruptcy court must act with caution. *See A.R.E. Mfg. Co. v. D & M Nameplate, Inc. (In re A.R.E. Mfg. Co.)*, 124 B.R. 912, 914 (Bankr.M.D.Fla.1991), *cited in In re Campbell*, 242 B.R. 740, 746 (Bankr. M.D.Fla.1999) *and Global Underwriting Mgmt., Inc. v. Chatham Underwriting Mgmt., Inc.*, 147 B.R. 601, 604 (Bankr. S.D.Fla.1992). While normally there is a presumption that venue is most proper in the court in which debtor's bankruptcy case is pending, under certain circumstances a transfer to that venue may be inappropriate. *See In re Bruno's, Inc.*, 227 B.R. 311 (Bankr.N.D.Ala.1998). A bankruptcy court may exercise discretion in adjudicating a motion under section 1412, considering both convenience and fairness on a case-by-case basis. *See Gulf States Exploration Co. v. Manville Forest Products Corp. (In re Manville Forest Products Corp.)*, 896 F.2d 1384, 1391 (2d Cir.1990)

■ In determining whether a transfer of venue is appropriate under section 1412, courts have considered the following factors:

(1) relative ease of access to sources of proof;

(2) availability of compulsory process for attendance of unwilling, and the cost of obtaining the attendance of willing, witnesses;

(3) the enforceability of judgment if one is obtained;

(4) relative advantages and obstacles to fair trial;

(5) a local interest in having localized controversies decided at home;

(6) a trial in the state the law of which will govern the action.

*Taca Int'l Airlines, S.A. v. Pan Am World Airways, Inc. (In re Pan Am Corp.)*, 177 B.R. 1014, 1018 (Bankr.S.D.Fla.1995) (quoting *Global Underwriting Mgmt., Inc.*, 147 B.R. at 604–05). In addition to these factors, it is important for a court to determine which venue would promote the most efficient administration of the bankruptcy estate, taking into consideration the interests of judicial economy, timeliness, and fairness. *See In re Manville Forest Products Corp.*, 896 F.2d at 1391. "[T]he party requesting the transfer of venue must demonstrate by a preponderance of the evidence that in light of all the factors to be considered, it will be more convenient for both parties and will further the interest of justice. Absent such a showing, this Court will not disturb the choice of forum made by ... [the] plaintiff, which choice should be accorded great deference." *In re Pan Am Corp.*, 177 B.R. at 1018.

■ Weighing all of the aforementioned factors in the instant case, it is clear to this Court that the Defendant has failed to meet its burden of proof that a change of venue is either more convenient for both parties or furthers the interest of justice. The first factor, involving the ease of access to proof, weighs in favor of the Plaintiff, as all of the documents and at least all of the Plaintiff's witnesses are located in Florida. A significant amount of discovery has already occurred in Florida, as the state court case had been pending for nearly four years. To move all of the evidence that has been collected in this case to Delaware, and to require all of the Plaintiff's witnesses to travel to Delaware, would obviously be inconvenient and burdensome to the Plaintiff. With regard to the availability of compulsory process, the

second factor, no evidence was presented at the hearing by either the Plaintiff or the Defendant. However, this factor also seems to weigh in the Plaintiff's favor, as the cause of action allegedly took place in Florida and thus any non-party witnesses would most likely be located in Florida. The enforceability of judgment and fair trial factors would both seem to be neutral, as either the Delaware bankruptcy court or the Florida state court would likely provide the parties with a fair trial, and a judgment from either court would be binding and enforceable upon the parties. The fifth factor, involving local interest in having local controversies decided at home, weighs against a transfer of venue. The State of Florida is the jurisdiction which has the greatest interest in the outcome of the litigation, because the cause of action allegedly arose in Florida. In addition, the Plaintiff is a Florida corporation with its principal place of business located in Florida and the Defendant conducts a substantial amount of business in Florida. The factor which considers the law governing the cause of action also disfavors the Defendant's contention that transfer is proper. All counts contained in the Complaint, with the exception of Count II, state causes of action under Florida law. Obviously, Florida state courts are more familiar with Florida law than a court in Delaware would be.

This Court must also consider which venue would promote the most economic and efficient administration of the bankruptcy estate, taking into account judicial economy; timeliness; and fairness. This case has been pending for almost four years. Both parties have Florida counsel representing them who have spent a significant amount of time on this case. The state court has overseen this case since its inception. The state court and both parties' local counsel are familiar with the case, and, according to the Plaintiff, the case is almost ready to proceed to trial. To transfer the case after it has been pending for almost four years would not promote the most economic or efficient administration of the bankruptcy estate, but instead hinder it. Both parties would need to employ new counsel, forcing both parties to spend more time and money on this litigation. The court in Delaware, completely unfamiliar with this case, would not be in a position to try this case as quickly as a court with prior knowledge and experience with this particular controversy. Transferring the case would: (1) delay the outcome of the litigation and the administration of the bankruptcy estate; (2) cost the parties more money in court costs, attorneys' fees, additional discovery, travel costs, and costs of moving evidence; and (3) burden the Plaintiff, who has no ties to Delaware (other than filing a proof of claim in the Defendant's bankruptcy case). In addition, courts normally give substantial consideration to the Plaintiff's choice of forum. *See Internal Revenue Service v. CM Holdings, Inc.*, 1999 WL 459754, *4 (D.Del.1999), (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *In re Warrick*, 70 F.3d 736, 740 (2d Cir.1995)). In the instant case this is significant, especially because the Plaintiff anticipates a jury visit to its manufacturing plant which is located in the forum that the Plaintiff selected. It would be unjust to force the Plaintiff to litigate this action in Delaware, as the Defendant has not proven that the change in venue is convenient to both parties, in the interest of justice, or promotes the most economic and efficient administration of the bankruptcy estate.

■ After finding that a change of venue in the instant case is not proper, this Court must now determine whether a change of venue is nonetheless mandatory, as the Defendant contends. The Defendant argues that the bankruptcy court in

Delaware has exclusive jurisdiction over the case because its confirmed chapter 11 plan of reorganization explicitly states that the bankruptcy court retains exclusive jurisdiction "to determine any and all disputes relating to Claims and Interests and the allowance and amount thereof." The Defendant further asserts that transfer is necessary because only the Delaware bankruptcy court has the power to interpret and enforce its own orders, pursuant to the plan and the confirmation order. From these facts, the Defendant contends that no other court has jurisdiction over the instant case.

 The Court rejects this assertion. It is extremely common for a bankruptcy court to insert a clause in a plan that reserves the jurisdiction of the bankruptcy court. *See Kalamazoo Realty Venture Ltd. P'ship v. Blockbuster Entm't Corp.,* 249 B.R. 879, 886 (N.D.Ill.2000) (quoting *Sanders v. City of Brady (In re Brady, Texas Municipal Gas Corp.),* 936 F.2d 212, 219 n. 2 (5th Cir.1991)). "However, it is well settled that, 'a Plan may not delegate unlimited authority to a bankruptcy judge, and that provision is meaningful only to the extent that core jurisdiction is otherwise found.' [Citation omitted] Moreover, when a bankruptcy court retains jurisdiction over a certain dispute, it does not divest any other court of concurrent jurisdiction." *Kalamazoo,* 249 B.R. at 886. In addition, several courts have opined that a bankruptcy court's attempt to retain jurisdiction beyond that which is necessary to effectuate the plan of reorganization is beyond the authority of that court, and that a boilerplate retention of jurisdiction clause inserted into a plan cannot expand that court's authority. *See, e.g., Walnut Associates. v. Saidel,* 164 B.R. 487, 495 (E.D.Pa. 1994); *In re BankEast Corp.,* 132 B.R. 665, 667 (Bankr.D.N.H.1991); *In re Tri-L Corp.,* 65 B.R. 774, 778 (Bankr.D.Utah 1986); *In re J.T. Gerken Trucking, Inc.,* 10 B.R. 203 (Bankr.N.D.Ohio 1981). "[R]etention of jurisdiction in the confirmed plan is not dispositive on the issue of the bankruptcy court's jurisdiction." *United States Trustee v. Gryphon at the Stone Mansion, Inc.,* 216 B.R. 764, 769 (W.D.Pa.1997). Thus, this Court finds that transfer of the instant case to the Delaware bankruptcy court is not mandatory.

 The Plaintiff in the instant case argues that the case should be remanded to state court pursuant to 28 U.S.C. § 1452(b), and this Court agrees. Section 1452(b) provides: "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." In deciding whether or not to remand a case, courts have considered the following factors: (1) duplication and uneconomical use of judicial resources; (2) effect of remand on the administration of the bankruptcy estate; (3) whether the case involves state law questions which are better addressed by a state court; (4) comity considerations; (5) prejudice to the involuntarily removed parties; (6) whether the possibility of an inconsistent result is lessened by remand; (7) expertise of the court where the action originated; and (8) the existence of a right to a jury trial. *See, e.g., Rednel Tower, Ltd. v. Riverside Nursing Home (In re Riverside Nursing Home),* 144 B.R. 951, 956 (S.D.N.Y.1992); *Allen County Bank & Trust Co. v. Valvmatic Int'l Corp.,* 51 B.R. 578, 582 (N.D.Ind.1985); *Coleman v. First Family Fin. Servs., Inc. (In re Coleman),* 200 B.R. 403, 406 (Bankr.S.D.Ala.1996); *Cordes v. Cont'l Holdings, Inc. (In re Cont'l Holdings, Inc.),* 158 B.R. 442, 444 (Bankr.N.D.Ohio 1993); *Global Underwriting Mgmt., Inc.,* 147 B.R. at 604; *Shop & Go, Inc. v. D.K. Patterson Constr. Co. (In re Shop & Go, Inc.),* 124 B.R. 915, 919

(Bankr.M.D.Fla.1991). Consideration of the above factors strongly support remand in the instant case.

The state court can timely adjudicate this action, as the case is nearly ready for trial and the court is already familiar with the case. The action has already been pending for a significant amount of time in the forum in which it was originally filed. In addition, the case involves predominantly state law issues, which are best addressed by a state court. Thus, general comity considerations weigh in favor of remand. To try the action in another forum would create duplicative and uneconomical use of scarce judicial resources and would severely prejudice the involuntarily removed party. The bankruptcy court has very limited interest in this action, as it does not involve any bankruptcy issues. Liquidation of the Plaintiff's claim is a necessary occurrence to effectuate, and will not frustrate, the implementation of the confirmed chapter 11 plan. The administration of the bankruptcy estate is best served by a speedy adjudication of the action in state court, as opposed to liquidation of the Plaintiff's claim in another court which would cause further delay.

 The Defendant argues that the Plaintiff is not entitled to remand due to the untimeliness of the Plaintiff's Motion to Remand the Case to State Court in Palm Beach County, Florida, which was filed more than thirty (30) days after the action was removed to this Court. As a basis for this contention, the Defendant is relying upon the deadline contained in 28 U.S.C. § 1447(c), which provides a thirty (30) day time limit for challenging procedural defects in removals. This same issue was addressed in the case of *Billington v. Winograde (In re Hotel Mt. Lassen, Inc.)*, 207 B.R. 935 (Bankr.E.D.Ca.1997). The court noted that even though removal

was effectuated through the bankruptcy removal statute, 28 U.S.C. § 1452(a), the motion for remand employed both § 1452(b) and § 1447(c). *See In re Hotel Mt. Lassen, Inc.*, 207 B.R. at 938. The court found that the remand motion was timely because the thirty (30) day deadline in § 1447(c) does not preempt § 1452(b), "which permits remand on 'any equitable ground' without mentioning a time limit." *Id.* at 939. As additional support for this finding, the court noted that the procedure for remand is also governed by Federal Rule of Bankruptcy Procedure 9027(d), which does not specify a time limit. *Id.* The court reasoned that

> [t]he principle of comfortable coexistence for § 1447(c) and § 1452(b) requires that the procedures of § 1452(b), as implemented by Federal Rule of Bankruptcy Procedure 9027, be given effect. The imposition of § 1447(c)'s strict 30–day deadline would be uncomfortably inconsistent with the liberal, 'any equitable ground' approach to bankruptcy remands. Hence, § 1447(c) does not preempt § 1452(b).

*Id.*

The court found that the remand motion was timely, as there was no specific deadline for requesting such relief under § 1452(b) or Rule 9027(d). *See id.* The Fifth Circuit has also recognized that a court has a "much broader range of discretion" in deciding motions to remand pursuant to § 1452(b) than under § 1447(c). *Browning v. Navarro*, 743 F.2d 1069, 1076 n. 21 (5th Cir.1984). Thus, this Court finds that the Plaintiff's motion for remand was not untimely.

The factors in the instant case weigh against transferring the case to the United States Bankruptcy Court for the District

of Delaware and strongly favor remand to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. Accordingly, it is hereby

**ORDERED** that—

1. The Defendant's Motion to Transfer Under 28 U.S.C. § 1412 is **denied.**

2. The Plaintiff's Motion to Remand the Case to State Court in Palm Beach County, Florida is **granted.**