**In re VENTILEX USA, INC., Debtor–in–Possession.**

**No. 10–16642.**

United States Bankruptcy Court, S.D. Ohio, Western Division.

Signed March 14, 2014.

Entered March 17, 2014.

Rocco I. Debitetto, Cleveland, OH, Emily W. Ladky, Hahn Loeser & Parks LLP, Cleveland, OH, for Debtor–in–Possession.

Jason V. Stitt, Keating Muething & Klekamp PLL, Cincinnati, OH, for Respondent TEMA System, Inc.

Monica V. Kindt, Cincinnati, OH, for U.S. Trustee.

### ORDER DENYING MOTION TO ENFORCE

JEFFERY P. HOPKINS, Bankruptcy Judge.

The Debtor Ventilex USA, Inc. ("USA"), and its parent company and chapter 11 plan sponsor, Ventilex, B.V. ("BV"), have

filed a joint motion seeking an order from this Court enforcing USA's confirmed plan of reorganization, the confirmation order, and the plan's injunction provisions. ("Motion") (Doc. 353). Paramount Farms International, LLC f/k/a Paramount Farms, Inc. ("Paramount"), the most vocal and largest creditor in the case, filed a response (Doc. 360), to which USA and BV filed a joint reply (Doc. 363).[1] In the Motion, USA and BV have asked this Court for an order finding Paramount in contempt for intentionally violating the operative provisions of the confirmed plan and confirmation order. The Motion also asks for an injunction and monetary sanctions to be imposed in an effort by USA to preclude Paramount from initiating any further post-confirmation litigation against BV. A hearing on the Motion was held on January 8, 2014. At the close of the hearing the Court took the Motion under advisement and the following constitutes the Court's finding of facts and conclusions of law.

### SUMMARY OF FACTS

On September 28, 2010, USA filed a petition for relief under chapter 11 of the United States Bankruptcy Code (Doc. 1).

On June 24, 2011, USA and the unsecured creditors committee filed the joint plan of reorganization ("Plan") (Doc. 229). On August 31, 2011, the Court entered an order confirming the Plan ("Confirmation Order") (Doc. 290) and on September 6, 2011, the Court entered an order supplementing the Confirmation Order (Doc. 292).[2] After the estate of USA had been fully administered, the case was closed on March 23, 2012 (Doc. 335).

Subsequent to the bankruptcy case being closed, Paramount commenced an action in the Superior Court of the State of California, County of Los Angeles, Central District seeking discovery in support of its attempts to amend a judgment against USA to add BV as an alter ego entity pursuant to California Civil Code of Civil Procedure § 187[3] ("Discovery Motion") (Doc. 360).[4] In response to Paramount commencing the Discovery Motion, USA and BV filed the Motion seeking an order from the Court enjoining the continuation of the California State Court action and imposing a civil contempt penalty on Paramount, including payment of attorney's fees (Doc. 353). In the Motion, USA and BV argue that (1) the Discovery Motion is enjoined by the Plan and by the Confirma-

---

1. USA and BV's joint request for an expedited hearing, motion to strike, and Paramount's opposition pleadings are mooted by this Order.

2. The order supplementing the Confirmation Order merely amended the Confirmation order to include additional exhibits including the Plan and a liquidation trust agreement. The order supplementing the Confirmation order explicitly states that "[b]ut for the inclusion of the attached exhibits, Confirmation Order remains in no way amended, supplemented, or otherwise modified hereby." *See* Doc. 292.

3. California Civil Code of Civil Procedure § 187 provides that "[w]hen jurisdiction is, by the Constitution or this Code, or by any other

statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code."

4. Subsequent to the January 8, 2014, hearing, the California State Court entered an order denying the Discovery motion because Paramount "is collaterally estopped from pursuing an alter ego claim against Ventilex BV as this issue was adjudicated in action filed and litigated by Paramount Farms, Inc. in the federal District Court for the Eastern District of California." *See* Doc. 376 at Ex. 1.

tion Order, (2) the Discovery Motion is precluded under principles of res judicata, and (3) the Discovery Motion warrants contempt sanctions against Paramount (Doc. 353). In its response, Paramount asserts that the Plan and the Confirmation Order expressly preserved all of Paramount's claims, rights and remedies against BV and that this Court lack's subject matter jurisdiction to enforce the relief requested by USA and BV (Doc. 360).

## LAW

### Jurisdiction Post–Confirmation

Before addressing the relief requested by USA and BV in the Motion, the Court must first address the scope of its authority post-confirmation. The basis for federal court jurisdiction over bankruptcy cases is derived from 28 U.S.C. § 1334. Under this section, "district courts shall have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). Section 1334 also provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). 28 U.S.C. § 157(a) then provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."

■■■ Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure provide for a change in the nature of a bankruptcy court's subject matter jurisdiction after plan confirmation. *In re Kmart Corp.*, 359 B.R. 189, 195 (Bankr.

N.D.Ill.2005). However, a bankruptcy court's subject matter jurisdiction is generally described as "sharply reduced" since after confirmation the purpose of a bankruptcy case is mostly effectuated. *See, e.g., In re Resorts Int'l, Inc.*, 372 F.3d 154, 168–69 (3d Cir.2004); *In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 390 (5th Cir. 2001); *In re Thickstun Bros. Equip. Co., Inc.*, 344 B.R. 515, 521 n. 2 (6th Cir. BAP 2006). In determining whether a bankruptcy court has post-confirmation jurisdiction over a matter, the court must first determine that "the matter [has] a close nexus to the bankruptcy plan or proceeding ... [and] second, the plan must provide for the retention of jurisdiction over the dispute." *In re Park Ave. Radiologists, P.C.*, 450 B.R. 461 (Bankr.S.D.N.Y. 2011) (quoting *In re Gen. Media, Inc.*, 335 B.R. 66, 73 (Bankr.S.D.N.Y.2005)). In determining whether a close nexus exists courts look to whether adjudication will require interpretation of the chapter 11 plan, whether it will affect the estate or the reorganized debtor and whether adjudication will interfere with the implementation of the chapter 11 plan. *See, e.g., Resorts Int'l*, 372 F.3d at 169; *In re McGuire*, 10–32544, 2013 WL 4029297, at *2 (Bankr.N.D.Ohio Aug. 6, 2013); *Park Ave. Radiologists*, 450 B.R. at 469; *Cantor v. Am. Banknote Corp.*, 06 Civ. 1392, 2007 WL 3084966, at *4 (S.D.N.Y. Oct. 22, 2007).

■■■ Relative to this discussion, Section 17.1 of the Plan clearly provides for retention of jurisdiction by this Court to enforce and interpret the Plan and Confirmation Order.[5] However, the question of whether the relief requested in the Motion has a sufficient nexus to the bankruptcy plan is a

---

5. Section 17.1 of the Plan provides that:

"The Bankruptcy Court shall retain and have exclusive jurisdiction over any matter arising under the Bankruptcy Code, arising in or

related to the Chapter 11 Case or the Plan, or that relates to the following purposes

\* \* \*

(b) to enter such orders as may be necessary or appropriate to implement or con-

close one. The Motion clearly requests an interpretation of the Plan and the Confirmation Order as it relates to the preservation of Paramount's claims, rights and remedies against BV. However, neither USA nor BV have shown how the adjudication of the Motion will have an effect on the estate, USA, or the actual implementation of the Plan. Even though the question is close, the Court ultimately finds that it has subject matter jurisdiction over this dispute since the primary thrust of the Motion requests an interpretation and enforcement of the Plan and Confirmation Order.

### Chapter 11 Plan and Confirmation Order

■ While the Court does have subject matter jurisdiction over the Motion, neither the Plan nor the Confirmation Order

summate the provisions of the Plan and all contracts, instruments, releases, and other agreements or documents created in connection with the Plan;

\* \* \*

(h) to issue such orders in aid of execution and consummation of the Plan, to the extent authorized by section 1142 of the Bankruptcy Code;

\* \* \*

(k) to hear and determine disputes arising in connection with or relating to the Plan, or the interpretation, implementation, or enforcement of the Plan, or the extent of any Entity's obligations incurred in connection with or released under the Plan;

\* \* \*

(r) to resolve any disputes regarding whether a Cause of Action constitutes a Retained Cause of Action or a Liquidation Trust Claim."

See Doc. 229.

6. Section 16.1 of the Plan states in full that "Notwithstanding anything to the contrary contained herein, neither entry of the Confirmation Order nor consummation of the transactions set forth herein, including without limitation the Restructuring Transactions, (a) creates, or shall be deemed to create, an "alter ego" relationship between the Reorga-

enjoin Paramount from commencing the Discovery Motion in the California State Court. In the Motion, USA and BV assert that the Plan and the Confirmation Order enjoin Paramount from commencing the Discovery Motion and other post-confirmation litigation against BV (Doc. 353). Specifically, USA and BV refer to Section 16.1 of the Plan which provides that neither the Plan nor the Confirmation Order shall be deemed to create an alter ego relationship between USA and BV (Doc. 229).[6] Moreover, USA and BV note that Section 16.11 of the Plan as amended by Paragraph 38 of the Confirmation Order provides a general release of any and all claims held by USA, BV, the creditors' committee (of which Paramount was a member), and certain other parties (Doc. 290).[7]

However, Paragraph 38 of the Confirmation Order further amends and, in ef-

nized Debtor and the Plan Sponsor; or (b) shall warrant or support, or be deemed to warrant or support, disregarding the independent corporate form and or mutual independence of the Reorganized Debtor and the Plan Sponsor in all respects, which such independent corporate form and mutual independence of the Reorganized Debtor and Plan Sponsor is hereby acknowledged and preserved in all respects." See Doc. 229.

7. Section 16.11 of the Plan was amended in relevant part by Paragraph 38 of the Confirmation Order to state "NOTWITHSTANDING ANYTHING SET FORTH IN THIS PLAN OR THE CONFIRMATION ORDER TO THE CONTRARY, ON THE EFFECTIVE DATE, THE DEBTOR, ITS ESTATE, THE DEBTOR–IN–POSSESSION, THE REORGANIZED DEBTOR, THE COMMITTEE, THE LIQUIDATION TRUST, THE LIQUIDATION TRUSTEE, THE PLAN SPONSOR, AND THE PRE-PETITION LENDER (COLLECTIVELY, THE 'RELEASED PARTIES') SHALL BE DEEMED TO HAVE IRREVOCABLY RELEASED AND DISCHARGED THE OTHER RELEASED PARTIES AND THE OTHER RELEASED PARTIES' FORMER AND CURRENT OFFICERS, CURRENT AND FORMER DIRECTORS, AGENTS, ATTORNEYS,

fect, supercedes Section 16.11 of the Plan. Paragraph 38, in relevant portion, states specifically that:

> NOTWITHSTANDING ANYTHING TO THE CONTRARY CONTAINED IN THIS PLAN OR THE CONFIRMATION ORDER, NOTHING CONTAINED IN THIS PLAN OR THE CONFIRMATION ORDER, EXCEPT WITH REGARD TO THE RELEASES AND EXCULPATION PROVIDED FOR IN SECTION 16.7 OF THE PLAN, IS OR SHALL BE DEEMED TO BE A WAIVER, RELEASE, OR INJUNCTION OF ANY RIGHT, CLAIM, CAUSE OF ACTION, DEFENSE, OR REMEDY, KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, FIXED OR CONTINGENT, LIQUIDATED OR UNLIQUIDATED THAT BV HAD THE RIGHT TO ASSERT AGAINST PARAMOUNT OR PARAMOUNT HAD THE RIGHT TO ASSERT AGAINST BV ON OR BEFORE THE PETITION DATE OR THAT ARE NOW EXISTING OR HEREAFTER ARISING (COLLECTIVELY, THE 'BV–PARAMOUNT RIGHTS'), ANY AND ALL OF WHICH SUCH BV–PARAMOUNT RIGHTS ARE HEREBY EXPRESSLY RESERVED AND PRESERVED; PROVIDED FURTHER, THAT ANY

AND ALL BV–PARAMOUNT RIGHTS ARE IN NO WAY MODIFIED HEREBY AND NOTHING CONTAINED IN THIS PLAN OR THE CONFIRMATION ORDER IS OR SHALL BE DEEMED TO BE AN ADMISSION BY EITHER BV OR PARAMOUNT AS TO THE NATURE, EXTENT, VALIDITY, OR ENFORCEABILITY OF ANY BV–PARAMOUNT RIGHT. (Doc. 290).

Importantly, for our purposes, since this Court's jurisdiction rests solely on its authority to interpret and enforce the Plan and Confirmation Order, Paragraph 38 goes on to state that: "THIS PARAGRAPH OF SECTION 16.11 SHALL CONTROL OVER ANY CONFLICTING PROVISION IN THE PLAN OR CONFIRMATION ORDER WITH RESPECT TO THE BV–PARAMOUNT RIGHTS EXCEPT WITH REGARD TO SECTION 16.7 OF THE PLAN," a provision not applicable in the case at bar. (Doc. 290).[8] In addition to amending the plan to provide an exception from the general release for claims held by Paramount against BV, Paragraph 38 also provides that if Paramount obtains a judgment against BV that judgment will be offset by the distribution Paramount receives under the Plan (Doc. 290).[9]

FINANCIAL ADVISORS, AND PROFESSIONALS EMPLOYED BY ANY OF SUCH OTHER RELEASED PARTIES (BUT SOLELY IN THE CAPACITIES SO EMPLOYED) OF AND FROM ANY CLAIM OR CAUSE OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, ASSERTED OR NOT ASSERTED, SCHEDULED OR NOT SCHEDULED." See Doc. 290.

8. Paragraph 16.7 of the Confirmation Order (Doc. 290) exculpates the reorganized Debtor, its employees and officers and the Plan proponents, and any professionals who assisted the Debtor in the case among others from incurring any liability, except in cases of "gross negligence or willful misconduct, including,

without limitation, fraud and criminal misconduct," or professional misconduct.

9. Section 16.11 of the Plan was amended in relevant part by Paragraph 38 of the Confirmation Order to state "FURTHER, TO THE EXTENT PARAMOUNT OBTAINS A JUDGMENT AGAINST BV THAT GIVES RISE TO ANY LIABILITY ON THE PART OF BV ('BV JUDGMENT') FOR ANY JUDGMENT THAT PARAMOUNT HAS AGAINST THE DEBTOR ('DEBTOR JUDGMENT'), THE BV JUDGMENT SHALL BE OFFSET DOLLAR–FOR–DOLLAR BY THE DISTRIBUTION THAT PARAMOUNT SHALL RECEIVE IN ACCORDANCE WITH THE TERMS OF THIS PLAN AS A PARTIAL, OR COMPLETE, SATISFAC-

Section 1141 provides that the plan and the order confirming the plan bind the debtor and the debtor's creditors. Section 1142(b) allows the Court to enforce § 1141 by providing that "[t]he court may direct the debtor and any other necessary party ... to perform any other act ... that is necessary for the consummation of the plan." Federal Rule of Bankruptcy Procedure 3020(d) additionally provides that "[n]otwithstanding the entry of the order of confirmation, the court may issue any other order necessary to administer the estate." While chapter 11 plans and confirmation orders commonly provide bankruptcy courts with exclusive jurisdiction,[10] this language does not divest any other court of concurrent jurisdiction. *Unico Holdings, Inc. v. Nutramax Products, Inc.*, 264 B.R. 779, 785 (Bankr.S.D.Fla. 2001); *Kalamazoo Realty Venture Ltd. P'ship v. Blockbuster Entm't Corp.*, 249 B.R. 879, 886 (N.D.Ill.2000).

 Section 16.11 of the Plan as amended by Paragraph 38 of the Confirmation Order clearly states that nothing in the Plan or Confirmation Order operates as a release of any right, claim, or remedy that Paramount may have against BV.[11] California Civil Code of Civil Procedure § 187 gives that state's courts the authority to use "all the means necessary" to carry its jurisdiction into effect. Courts have consistently interpreted § 187 as giving courts the authority to amend a judgment to add judgment debtors. *See, e.g.,*

*In re Levander*, 180 F.3d 1114, 1121 (9th Cir.1999); *Bank of Montreal v. SK Foods, LLC*, 476 B.R. 588, 597 (N.D.Cal.2012); *Toho–Towa Co., Ltd. v. Morgan Creek Prods., Inc.*, 217 Cal.App.4th 1096, 1106, 159 Cal.Rptr.3d 469 (2013). Under § 187 a judgment may be amended to impose liability upon an alter ego who had control of the litigation. *Levander*, 180 F.3d at 1121; *Misik v. D'Arco*, 197 Cal.App.4th 1065, 1072, 130 Cal.Rptr.3d 123 (2011). Amending a judgment pursuant to § 187 is not done to add a new defendant, instead it is an equitable remedy ensuring the judgment is collectable against the true name of the real defendant. *Misik*, 197 Cal.App.4th at 1072–73, 130 Cal. Rptr.3d 123; *Greenspan v. LADT, LLC*, 191 Cal.App.4th 486, 508, 121 Cal.Rptr.3d 118 (2010). The Discovery Motion commenced by Paramount against BV was simply Paramount exercising its right to seek a remedy against BV. Accordingly, the Court concludes that Paramount had a right to commence the Discovery Motion in the California State Court, under the operative provisions of the Plan and Confirmation Order set forth above. While the validity of Paramount's alter ego theory for amending the judgment under § 187 to include BV rather than USA was from the beginning, dubious at best, and subsequently rejected, that determination was properly before the California State Court to decide. Far from precluding the action instituted by Paramount in Califor-

TION OF THE DEBTOR JUDGMENT." *See* Doc. 290.

**10.** Section 17.1 of the Plan provides that the Court shall retain and have exclusive jurisdiction over any matter arising under the Code, that arises in the case or in the Plan, or is explicitly stated in Section 17.1 of the Plan. *See* Doc. 229.

**11.** Section 16.11 of the Plan as amended by Paragraph 38 of the Confirmation Order ex-

plicitly states that "NOTWITHSTANDING ANYTHING TO THE CONTRARY CONTAINED IN THIS PLAN OR THE CONFIRMATION ORDER, NOTHING CONTAINED IN THIS PLAN OR THE CONFIRMATION ORDER ... IS OR SHALL BE DEEMED TO BE A WAIVER, RELEASE, OR INJUNCTION OF ANY RIGHT, CLAIM, CAUSE OF ACTION, DEFENSE, OR **REMEDY** ... PARAMOUNT HAD THE RIGHT TO ASSERT AGAINST BV...." *See* Doc. 290 (emphasis added).

nia State Court, the Confirmed Plan and, more importantly, the Confirmation Order amending Paragraph 16.11 of the Plan, preserved Paramount's right to test it's alter ego theory of seeking to amend the judgment to impose liability against the purported real defendant, BV. As noted, however, the California State Court subsequently held that Paramount's claims against BV were collaterally estopped, and those claims and the post-confirmation action in its entirety have been dismissed.

### Res Judicata

■ In addition to seeking an order enforcing the Plan and Confirmation Order, USA and BV also request that this Court make a finding that any further post-confirmation litigation is barred by the principles of res judicata. Specifically, USA and BV assert that Paramount's requested relief under § 187 is barred under the principles of res judicata since the Court addressed the alter ego claims in USA's bankruptcy case. In addition, USA and BV assert that the Discovery Motion is further barred by res judicata because the District Court for the Eastern District of California ("District Court") held that BV is not USA's alter ego.

As stated, the California State Court denied Paramount's motion to amend the judgment under § 187. That court rested its decision on the same or similar arguments being raised here. This Court, however, is not aware of any case law which would allow it to grant the relief requested by USA and BV to issue an injunction against further post-confirmation litigation against BV. It is evident from the record in this proceeding that the purpose of a bankruptcy case has been mostly effectuated. The reorganized debtor USA received its discharge, and Paramount's proof of claim predicated on the judgment received in California state court

has been paid, at least in part, under the confirmed plan. The Plan has been fully consummated. The post-confirmation adjudication in California under § 187 did not affect the estate or the reorganized debtor, and it did not in any way interfere with the implementation of the confirmed chapter 11 plan. Given that bankruptcy courts have "sharply reduced" subject matter jurisdiction over post-confirmation litigation and our construction of the Plan and Confirmation Order, which permitted rather than enjoined the litigation that occurred in this case, this Court declines to arrogate to itself the authority to preclude other lawsuits by a creditor against a non debtor third party. See 11 U.S.C. § 524(e) ("the discharge of the debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."); In re Dow Corning Corp., 280 F.3d 648, 658 (6th Cir.2002) (enjoining a non-consenting creditor's claim against a non debtor third party is only appropriate in "unusual circumstances" and requires a bankruptcy court to apply a stringent seven factor test in order to make "a record of specific factual findings that support its conclusion").

### Contempt

Finally, USA and BV also are asking this Court to impose monetary sanctions on Paramount for violating the Plan and the Confirmation Order. Since the Court has already determined that Paragraph 38 excepts the BV–Paramount post-confirmation litigation, and since both the Plan and the Confirmation Order, when construed together, are broad enough to encompass the Discovery Motion, USA and BV's request for sanctions is hereby **DENIED.**

Paramount has now pursued an alter ego theory in an attempt to attach liability to Ventilex BV without success in four separate courts—state and federal. This issue has been addressed by Paramount to

no avail in the California federal District Court, the Ninth Circuit, the California State Court, and in the bankruptcy court, prior to promulgation of a consensual Plan and Confirmation Order which addressed the separate corporate identities of USA and BV. Following the decision by the state court in California and this Court's expressions on the record of the weakness of its theory in light of the California District Court and Ninth Circuit rulings, it is high time Paramount abandoned its alter ego claims against BV in post-confirmation litigation. Were this Court unconstrained by the subject matter jurisdictional limitations placed on it, which have already been discussed in this Order, the decision on sanctions might be different.

### *Conclusion*

The Plan and the Confirmation Order explicitly provide that neither document bars Paramount from commencing a post-confirmation action or seeking to amend the judgment to include BV. The Discovery Motion commenced in California State Court clearly fell under the exception provided in the Confirmed Plan and Confirmation Order. Contempt sanctions against Paramount are not warranted. This Court is not the appropriate venue to decide the validity of Paramount's alter ego theory and whether that theory is precluded under the principle of res judicata.

For these reasons, the Motion is hereby **DENIED.**

**IT IS SO ORDERED.**